[L. A. No. 755.    Department Two.—January 14, 1901.]

## J. W. STUMPF, Appellant, v. BOARD OF SUPERVISORS OF SAN LUIS OBISPO COUNTY, Respondent.

CERTIORARI—ORDER CREATING SANITARY DISTRICT—ANNULMENT—RETURN NOT SHOWING EVIDENCE OF JURISDICTIONAL FACTS.—An order of·a board of supervisors purporting to create a sanitary district must be annulled upon writ of review where the return to the writ does not show that any evidence was taken or heard to prove the jurisdictional facts that the signatures to the petition were genuine, that twenty-five of them were resident freeholders within its proposed boundaries, and that the order calling the election was posted in three public places in the proposed district for four weeks, as required by law.

ID.—PLEADING—ANSWER TO PETITION FOR WRIT—RETURN.—An answer to the petition for the writ of review denying its allegations is irregular. The return to the writ constitutes the answer, as well as the evidence, and the case is heard thereon unless upon motion an additional or amended return is made.

ID.—JUDICIAL ACTION OF SUPERVISORS—PROOF OF JURISDICTIONAL FACTS—RULES OF EVIDENCE.—The board of supervisors exercises judicial power in determining the facts upon which its jurisdiction depends to create a sanitary district; and as the statute does not prescribe by what proof they should be determined, they must be established in accordance with the rules of evidence recognized by the courts and the common law.

ID.—REVIEW UPON WRIT—EVIDENCE BEFORE BOARD—QUESTIONS OF JURISDICTION.—It is only the evidence heard by the board of supervisors upon questions essential to their jurisdiction that can be considered by the court in determining whether the board acquired jurisdiction to make the order creating the sanitary district; and the sufficiency of the evidence to establish the jurisdictional facts is reviewable upon the writ.

ID.—UNSWORN STATEMENTS BEFORE BOARD—HEARSAY—INCOMPETENT EVIDENCE.—Unsworn statements made before the board of supervisors as to the qualifications of the signers to the petition were incompetent, and their repetition in court is of mere hearsay, and does not tend to show that the board ascertained the jurisdictional facts which it was bound to ascertain by competent and sufficient evidence.

ID.—FAILURE TO POST NOTICE—VOID ELECTION—VOID DECLARATION OF SUPERVISORS.—A failure to post the notice required by law renders the election for the organization of a sanitary district void; and where there is no evidence of such posting, and no recital

thereof in the record, a subsequent declaration of the super-
visors that the sanitary district was duly organized is a nullity.

APPEAL from a judgment of the Superior Court of San
Luis Obispo County and from an order denying a new trial.
E. P. Unangst, Judge.

The facts are stated in the opinion.

P. O. Chilstrom, and S. M. Swinnerton, for Appellant.

A. E. Campbell, and Venable & Goodchild, for Respondent.

HAYNES, C.—This is a proceeding to review the action of
the board of supervisors of San Luis Obispo county in the mat-
ter of the alleged creation of Templeton sanitary district in
said county.

The plaintiff based his application for the writ upon an affi-
davit as required by section 1069 of the Code of Civil Pro-
cedure.  The writ was issued and served and a return thereto
was made, setting out the petition for the formation of the dis-
trict, which purported to be signed by twenty-seven "residents
and freeholders" of the district therein described.

On November 7, 1898, the board made an order reciting that
"a petition in due form having been received from residents
and freeholders of the district hereinafter described," praying
for the creation of a sanitary district, and ordering that an
election be held on December 10th by the qualified electors
residing within the district, the boundaries of which were
stated in the order, designating the place at which the election
should be held and the persons who should conduct the same,
and further ordering "that a copy of said order be posted for
four successive weeks prior to said election in three public
places within the proposed district," and that it should be pub-
lished for four successive weeks in the "Templeton Advance."

The return to the writ further shows that officers of the dis-
trict were nominated, and an affidavit of the publication of said
order calling an election was made and filed; that on January
4, 1899, the board canvassed the returns of the election and
found the whole number of votes cast to be, for a sanitary dis-
trict, fifty-nine votes, and against it forty-four votes, and that
persons therein named had been elected respectively to the

offices of sanitary assessor and members of the sanitary board, and declared that "a sanitary district, to be known and designated Templeton sanitary district, has been duly established," with boundaries therein described.

The return does not show that any evidence was taken or heard as to whether the signatures to the petition were genuine, nor whether twenty-five of them were each a resident freeholder within the boundaries of the proposed district, nor does the return show that the order calling an election was posted in three public places within said proposed district for four weeks, or at all, or that any evidence in regard thereto was heard.

The defendant also filed an answer to the petition for the writ denying the allegations of the petition. This was irregular. The return to the writ constitutes the answer, as well as evidence, and the case is heard thereon, unless upon motion an additional or amended return is made.

Upon the hearing, however, Mr. Whicher, the clerk of the board of supervisors, was called by the plaintiff, and testified that no evidence was received by the board as to whether or not the signers of the petition were residents and freeholders within the district; that no witnesses were produced or examined before the board upon that question; that Mr. Smith, a member of the board, examined the names and was satisfied with them.

Mr. Fisher was called by the defendant, and testified that he was one of the petitioners; that he was present at the time the petition was presented to the board. He was then asked several questions by counsel for defendant as to whether he was questioned by any member of the board as to the residence of the signers of the petition, and whether the petitioners were freeholders, and whether Supervisor Smith did not go over the names and question him in "regard to them." These questions were each objected to by plaintiff upon the ground that it did not appear that the witness was sworn before the board, and that the questions were incompetent. Each objection was overruled, and the plaintiff excepted. The witness answered each question affirmatively, and further testified that Supervisor Smith looked over the petition and asked witness about the names, if they were freeholders, "And I said

yes; if you are not satisfied you can go down and look at the records"; and he said, "We will take it for granted."

No objection was made upon either side to the introduction of parol evidence, and the question of its admissibility need not now be considered; but if its admissibility be conceded, the court erred in overruling plaintiff's objections above noted, for the reason that the unsworn statements of the witness made before the board of supervisors was incompetent, and its repetition before the court was mere hearsay, or the repetition of unsworn statements, and did not tend to prove that as a matter of fact the petitioners were each residents and freeholders within the proposed district and that their signatures were genuine.  The determination of these questions, upon which the jurisdiction of the board depended, required the exercise of judicial power, and as the statute did not prescribe the character of the proof by which they should be determined, they must be established in accordance with the rules of evidence recognized by the courts and the common law.  "An exception to the rule that the sufficiency of the evidence will not be reviewed is made when the question is whether jurisdictional facts were or were not proved.  This exception arises out of the most important office and function of the writ—the keeping of inferior courts and tribunals within proper bounds.  If the decision of the inferior tribunal as to the sufficiency of the evidence to establish jurisdictional facts were not reviewable, the writ of *certiorari* would be of no avail as a remedy against an assumption of jurisdiction.  And for the purpose of enabling the reviewing court to determine whether jurisdictional facts were established, it will require a return to be made of the evidence upon which such facts are based."  (4 Ency. of Pl. & Pr. 262.)  This court has said: "In all cases it is essential that there be proof of a sufficient petition, inasmuch as without it the board could acquire no jurisdiction to act, and its proceedings would be absolutely void. . . . . Upon *certiorari,* though the inferior tribunal is required to certify only matters of record, yet if the jurisdictional facts do not appear of record, it must certify not only what is technically denominated the record, but such facts, or the evidence of them, as may be necessary to determine whatever question as to the jurisdiction of

the tribunal may be involved." (*In re Madera Irr. Dist.,* 92 Cal. 296, 333, 335[1]; citing *Blair v. Hamilton,* 32 Cal. 52; *Whitney v. Board of Delegates,* 14 Cal. 479; *Lowe v. Alexander,* 15 Cal. 300.)

The statute authorizing the formation of sanitary districts requires that the order or proclamation calling an election "shall be posted for four successive weeks prior to the election, in three public places within the proposed district, and shall be published," etc. The return shows that proof of publication was made by affidavit of the publisher in due form, but there is no evidence of posting, nor is there even a recital in the proceedings to the effect that such notice was posted. Without such posting the election was void, and the subsequent declaration of the board of supervisors to the effect that the Templeton sanitary district was duly organized is a nullity.

As it is only the evidence that was heard by the board of supervisors upon questions essential to their jurisdiction that can be considered by the court in determining whether the board acquired jurisdiction, it is obvious from the parol testimony hereinbefore recited that it would have been useless for the court to require an additional or amended return, and no leave to make an amended return having been requested, we advise that the judgment and order appealed from be reversed, and that judgment be entered annulling all the orders, records, and proceedings of the board of supervisors in the matter of the alleged creation of Templeton sanitary district, in said county of San Luis Obispo.

Gray, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion it is ordered that the judgment and order appealed from be reversed, and that judgment be entered annulling all the orders, records, and proceedings of the board of supervisors in the matter of Templeton sanitary district, and adjudging that said district has no legal existence.

McFarland, J., Henshaw, J., Temple, J.

[1] 27 Am. St. Rep. 106.