[S. F. No. 5981. In Bank.—September 6, 1911.]

CITY OF LINDSAY et al., Petitioners, v. W. H. MACK, City Clerk, etc., Respondent.

MUNICIPAL CORPORATION—BONDED INDEBTEDNESS—NOTICE OF ELECTION —PUBLICATION IN WEEKLY PAPER.—Under the provision of the Municipal Bonding Act (Stats. 1901, p. 27), that the ordinance calling the election for the authorization of the bonds shall be published "once a week for two weeks in some newspaper published less than six days a week in such municipality, and one insertion each week for two succeeding weeks shall be a sufficient publication in such newspaper," a publication in a weekly newspaper in its successive issues on June 14 and June 21, 1911, for an election to be held on June 26, 1911, is sufficient. The statute only requires that two weeks' notice of the election shall be given in the single case where, by reason of the fact that there is no newspaper published in the municipality, the notice is given by posting.

APPLICATION for a Writ of Mandate directed to the City Clerk of the City of Lindsay.

The facts are stated in the opinion of the court.

H. T. Miller, for Petitioner.

Joseph C. Meyerstein, for Respondent.

THE COURT.—In this proceeding a peremptory writ of mandate as requested by petitioner was ordered issued from the bench. This opinion is filed to show the grounds of such action by this court.

The proceeding was in mandate to compel the respondent, city clerk of the city of Lindsay, to sign and attest certain municipal bonds proposed to be issued under the act authorizing the incurring of indebtedness by cities, etc., found in statutes of 1901 at page 27.

The only question was whether notice of the election at which the bonds were voted was given for the time required by the provisions of said act. The provisions of such act as to notice are as follows:—

"Such ordinance (the ordinance calling an election) shall be published once a day for at least seven days in some news-

paper published at least six days a week in such municipality, or once a week for two weeks in some newspaper published less than six days a week in such municipality, and one insertion each week for two succeeding weeks shall be a sufficient publication in such newspaper published less than six days per week. In municipalities where no such newspaper is published, such ordinance shall be posted in three public places therein for two succeeding weeks. No other notice of such election need be given." (Sec. 3.) There being no paper in the municipality published more than once a week, the ordinance was published once a week for two successive weeks in a weekly newspaper published therein, viz.: on June 14, 1911, and on June 21, 1911. The ordinance fixed June 26, 1911, as the day for the election, and the election was in fact had on the last named day. This was less than two weeks from the first publication day, June 14, 1911, and the claim of respondent was that the statute required two full weeks' notice of the election.

The notice given was in full accord with the statute. It is nowhere required thereby that two weeks' notice of the election shall be given, except in the single case where, by reason of the fact that there is no newspaper published in the municipality, the notice is given by posting. As to such a case, the requirement that the ordinance shall be posted "for two succeeding weeks" necessarily means that the notice must be posted for two full weeks, and that the publication by posting is not complete until such two weeks have expired. As to cases where the notice is given by publication in a newspaper, the only requirement is, in one case, publication for "at least seven days" in a daily newspaper, and, in the other, publication "once a week for two weeks . . . and one insertion each week for two succeeding weeks shall be a sufficient publication," etc. In all three of the cases provided for by the statute, the election may be set for any day subsequent to the completion of the publication, and the only reason why two weeks must intervene between the time of posting and the day of election where the publication is by posting, is that the notice in such case is not fully published until the expiration of such two weeks. In the case at bar the publication was completed by the second publication on June 21, 1911, several days before the day of election.

For the reasons stated, it was ordered that a peremptory writ of mandate issue in accordance with the prayer of the petition.