[L. A. No. 4535. Department Two.—November 18, 1918.]

JACOB J. FOSTLER et al., Appellants, v. CITY OF LOS ANGELES (a Municipal Corporation), et al., Respondents.

ELECTION — ANNEXATION OF TERRITORY — PUBLICATION OF NOTICE.—The publication once a week for five weeks, with the last date of the publication within one week of the date of the election, is a sufficient publication of notice of an election for the annexation of certain territory by a municipality under a statute requiring that notice should be published at least once a week for a period of four successive weeks next preceding the date upon which the election is to be held.

ID.—NATURE AND PURPOSE OF BONDS—NOTICE.—It is not necessary to state in the notice of the annexation election the nature and purpose of issued bonds to be assumed by the voters of the annexed territory with the details which might have been required in an election upon the question of the issuance of the bonds, the purpose of the statute requiring such a vote being plainly to put before the voters of such a district the amount of obligations which would be assumed by them in coming into the municipality.

APPEAL from a judgment of the Superior Court of Los Angeles County. Lewis R. Works, Judge. Affirmed.

The facts are stated in the opinion of the court.

Ward Chapman, and Hickcox & Crenshaw, for Appellants.

Albert Lee Stephens, City Attorney, and Charles S. Burnell, Assistant City Attorney, for Respondents.

WILBUR, J.—This is an appeal by the plaintiffs. from a judgment on demurrer denying an injunction claimed by the plaintiffs to restrain the defendants from levying taxes and exercising jurisdiction within the certain annexed territory known as the Palms. The action was based upon alleged irregularities in the election. The statute under which the annexation election was held required that the notice should be published "At least once a week for a period of four successive weeks next preceding the date upon which the election is to be held."\ The notice was published May 2d, 9th, 16th, 23d, and 29th. The election was held June 1st. The notice was published once a week for five weeks and the last date of publication was within one week of the date of the election. This was sufficient. The case of *Williams* v. *Sacramento County,* 58 Cal. 237, decides nothing to the contrary. That case was construed upon section 3447 of the Political Code requiring that a similar notice "be published for four weeks preceding the hearing thereof." There notice was published May 12th, 13th, 15th, 19th, 20th, 22d, 23d, 26th, 27th, and 28th, and June 4th and 12th. The hearing was June 17th. The court there stated that there were two intervals of more than seven consecutive days in the four weeks next preceding the day of the hearing in which there was no publication of the petition; referring, perhaps, to the intervals between May 27th and June 4th and between June 4th and 12th. It is perhaps assumed in that case that the publication should have begun on the 20th, thus the next weekly publication is the 27th and the next should have been the 3d, and the next the 10th of June, the seventh day before the hearing. It is, however, immaterial how the court there arrived at its conclusion that there were two intervals of eight days. On any theory, there was an eight-day interval from the fourth to the twelfth days of June.

It is next contended that the notice failed to set out with sufficient detail the purpose of the various bonds issued which were to be assumed by the voters in the annexed territory. The reference thereto is contained in the notice and in the figures following, to wit:

"Water Works Bonds issued 1905.

"Water Works Bonds authorized June 12, 1907, in the sum of $23,000,000.

"Electric Plant Bonds issued in 1912 for $3,500,000.

"Harbor Improvement Bonds issued 1910, for the sum of $3,000,000.

"Water Works Bonds authorized April 15, 1913, for $1,500,000.

"Harbor Improvement Bonds in the sum of $2,500,000, Authorized April 15, 1913."

The purpose of this statute requiring such a vote was to put plainly before the voters of the district the amount of obligations which would be assumed by them in coming into the municipality.

It is not necessary to state the nature and purposes of the bonds with the details which might have been required in an election upon the question of the issuance of the bonds. The notice is, therefore, sufficient.

Respondents claim that the demurrer to the complaint should have been sustained, for the reason that the proper way to test the validity of an annexation election and circumstances detailed where an election has been held and the results so ascertained as to constitute the annexed territory as part of the city is by *quo warranto*.

In view of the fact that the complaint is without merit, it is unnecessary to determine that question.

Judgment affirmed.

Melvin, J,. and Lorigan, J., concurred.