RODRÍGUEZ, PLAINTIFF AND APPELLEE, *v.* MUNICIPAL ASSEMBLY OF GUÁNICA, DEFENDANT AND APPELLANT.

## Appeal from the District Court of Ponce in Certiorari Proceedings.

No. 2661.—Decided February 12, 1923.

CERTIORARI—DEMURRER.—It is not the best practice to object to a petition for a writ of certiorari by demurrer, but it should be done by a motion which

while admitting the truth of the allegations of the petition, prays that it be denied for insufficiency.

ID.—QUO WARRANTO.—The writ of certiorari lies to establish the nullity of a resolution of a municipal assembly which removed the petitioner from the office of Commissioner of Education when it is alleged that the removal was made by unlawful proceedings and in violation of constitutional rights of the petitioner. Although the assembly had appointed another Commissioner of Education, certiorari and not quo warranto was the proper remedy.

ID.—PLEADING.—A petition for a writ of certiorari to annul a resolution of a municipal assembly is not insufficient because of failure to allege expressly or impliedly that the errors imputed to the resolution were opposed in the assembly.

ID.—ANSWER—RETURN.—There is no statute authorizing an answer to a petition for a writ of certiorari and the proper pleading in these special proceedings is the return.

The facts are stated in the opinion.

*Mr. R. Arjona Siaca* for the appellant.

*Messrs. D. Sepúlveda* and *J. Rosario Gelpí* for the appellee.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

This is an appeal in certiorari proceedings.

On December 2, 1921, the Municipal Assembly of Guánica passed a resolution removing the petitioner from the office of Commissioner of Education of the Municipality of Guánica. Thereupon he filed a petition for a writ of cer-tiorari in the court below, praying the court to annul the resolution and reinstate him in his office.

In the petition it is alleged: That since November 20, 1921, the petitioner, Clemente J. Rodríguez Carlo, has held the office of Commissioner of Education of the Municipality of Guánica, to which he was lawfully appointed by the municipal assembly, and has faithfully discharged the duties of the said office; that he was unlawfully removed from the office of commissioner of education by unlawful proceedings taken by the said municipal assembly from November 20, 1921, to December 6 or 7, 1921, it having temporarily appointed to the said office of commissioner of education a certain Pedro Nieves, to whom the petitioner has

not delivered the office; that the acts done by the Municipal Assembly of Guánica for the removal of the petitioner and the appointment of his successor are unlawful and in violation of his constitutional rights for the following reasons: (*a*) Because two members of the assembly were not lawfully notified of the meeting at which the petitioner was removed. (*b*) Because he was not heard nor given an opportunity to confront and cross-examine the witnesses who testified against him, or to defend himself against the charges preferred. (*c*) Because in the adoption of the resolutions by the Municipal Assembly of Guánica assemblymen who were disqualified, according to the rules of the assembly, took part and voted. (*d*) Because the Municipal Assembly of Guánica abused its discretion in depriving him of his defense against the charges and of his right to cross-examine the witnesses and introduce evidence in his defense. (*e*) Because the charges made against the petitioner, even if true, were not sufficient to justify his removal. (*f*) Because five of the members of the assembly acted in this matter with passion, prejudice and manifest partiality against the petitioner. The concluding allegation of the petition is that the petitioner has no other remedy in the ordinary course of law for enforcing his rights.

The writ was issued by the lower court and at the hearing the respondent filed a motion to strike; a demurrer for lack of a cause of action; a motion to discharge the writ, and an answer to the petition.

On January 4th the court rendered judgment, annulling the resolution of the Municipal Assembly of Guánica of December 2, 1921, and ordering that the petitioner, Clemente J. Rodríguez Carlo, be reinstated in the office of Commissioner of Education of the Municipality of Guánica. From that judgment the Municipal Assembly of Guánica appealed to this Supreme Court, assigning error in its brief as follows:

"I.—In overruling the motion to discharge the writ.

"II.—In overruling the demurrer for lack of a cause of action.

"III.—In considering facts not specifically alleged in the petition as errors of procedure.

"IV.—In ordering that the petitioner be reinstated in the office of Commissioner of Education of the Municipality of Guánica.

"V.—Although not finding that the petitioner was not heard in the proceedings for his removal or given an opportunity to confront and cross-examine the witnesses who testified against him or to defend himself against the charges, etc., in taking as a basis for the judgment, however, that notice of the charges was not seasonably given and he was not allowed reasonable time within which to appear and defend.

"VI.—In imposing the costs upon the respondent."

This certiorari proceeding did not originate in this court. We find ourselves, however, without a statement of the case or bill of exceptions, hence we have not before us the complete record and return showing the proceedings of the Municipal Assembly of Guánica which terminated in the removal of the petitioner from the office of commissioner of education. Therefore, the action of this Supreme Court is limited to an examination of the questions of law which may arise from the petition and the pleadings filed by the appellant in the inferior court.

The motion to strike, the motion to discharge the writ and the demurrer for lack of a cause of action were directed to the original petition and the record does not show that they were repleaded after the amended petition had been filed. However, it is within our province to consider the demurrer on the ground of failure to state a cause of action. It seems to be not the best practice to object to a petition in certiorari by demurrer, but that it should be done by a motion admitting the facts alleged in the petition and asking for its dismissal for insufficiency.

"In states where the case is heard on the petition for the writ, a demurrer may be treated as a motion to quash, on the ground that the petition, conceding it to be true, does not present a meritorious case for certiorari." 11 C. J., 155.

"A motion to quash the writ for insufficiency of the petition therefor is tantamount to a demurrer to the petition and on the other hand an exception to the petition for the writ is equivalent to a motion to dismiss, and a judgment for defendant on such an exception is practically the same as a dismissal." 11 C. J., 187-188.

The appellant, however, seems to distinguish between the two pleadings and bases them on different grounds.

The motion to quash raises the technical question of whether certiorari lies and presents the proposition that as a third person had been appointed to the office of Commissioner of Education of the Municipality of Guánica, the remedy is not certiorari, but *quo warranto*. But this argument is not applicable to the present case wherein it is alleged that the removal was unlawful and was made by means of unlawful proceedings, in violation of law and of constitutional rights affecting the petitioner. Pleaded in this manner, it is obvious that the said proceedings did not have the effect of giving jurisdiction to the municipal assembly and the question being thus presented, the proper remedy is not *quo warranto* which has a different purpose.

The appellant bases the demurrer on the ground of failure to state a cause of action on the fact that it is not alleged in the petition, expressly or impliedly, that the errors imputed to the resolution of the municipal assembly were objected to in the assembly.

The citation made by the appellant from 11 C. J., 151, in support of its contention was not construed properly by the appellant. It is true that certiorari proceedings are also governed by the general rule that questions not raised in the lower court or before the respondent body can not be raised for the first time in the appellate court, but in order to ascertain whether such questions were raised and objected to the appellate court must have before it a statement of the case or bill of exceptions, and in this case no such record has been brought up; nor can this court accept the appellant's

theory that the objections thus made must necessarily be stated in the petition for the writ of certiorari.

The fourth assignment of error is a repetition of the first. As to the other assignments, they can not be considered for the same reason of failure to bring up the return of the Municipal Assembly of Guánica and other things already mentioned. It is not important that the respondent also filed an answer, inasmuch as it serves no purpose and we can not discuss its merits in relation to the petition, because there is no statute authorizing an answer to a petition for a writ of certiorari, the real answer in these special proceedings being the return, as we have already said.

"In certiorari there is no formal pleading on the part of the defendant. The return takes the place of an answer in an ordinary action, and is sometimes designated as such. The only office which the common law writ of certiorari performs is to have certified the record of a proceeding from an inferior to a superior tribunal, and it is the duty of the inferior body to whom it is directed to transmit a complete transcript of the record, properly certified, to the court awarding the writ without any statement of facts *dehors* the record." 2 Spelling's Injunctions and Other Extraordinary Remedies, p. 1733.

"The defendant also filed an answer to the petition for the writ denying the allegations of the petition. This was irregular. The return to the writ constitutes the answer, as well as evidence, and the case is heard thereon, unless upon motion an additional or amended return is made. Stumpf v. San Luis Obispo County, 131 Cal. 364, 366, 63 P. 663, 82 Am. S. R. 350. Compare Carpenter v. San Joaquin County Super. Ct., 77 Cal. 291, 19 P. 500 (where an answer was held not to present a material question of fact.)" 11 C. J. 156, note 37 (*a*).

In the circumstances of this case, without a record before it this court must presume that the judgment of the lower court is supported by the full record of the proceedings in the Municipal Assembly of Guánica, and in the absence of this record in this appeal we can reach no conclusion different from that appearing in the judgment appealed from.

For all of the foregoing the judgment must be

*Affirmed.*

Chief Justice Del Toro and Justices Wolf, Aldrey and Hutchison concurred.