José Cardona Piquet, Petitioner and Appellant, *v.* Municipal Judge of Aguadilla et al., Respondents and Appellees.

No. 5084.   Argued March 19, 1930.—Decided May 26, 1930.

*A. García Ducós* for appellant.   *J. Veray Jr.* for appellees.

Mr. Justice Texidor delivered the opinion of the Court.

It appears from the record in this case that Isidro Quiñones Vidal brought an action of debt in the Municipal Court

of Aguadilla against José Cardona Piquet, in which the defendant was summoned but did not answer. His default having been entered, judgment was rendered against him for the sum claimed, and upon the judgment becoming final its execution was sought. At this stage the defendant appeared and filed a verified motion, in which he alleged that upon receiving the summons he sought the plaintiff, who informed him that his purpose in filing the action was only to secure himself by means of an attachment but that he was willing to renew the obligation; that the said obligation was really made payable to Mrs. Teresa Géigel, mother-in-law of the plaintiff, who had agreed to a renewal thereof and to accept another obligation; that the defendant had a good defense; and that he invoked the discretion of the court pursuant to the provisions of section 140 of the Code of Civil Procedure and moved for the opening of the default and the admission of the answer, which was attached to the motion. He also exhibited a supporting affidavit. At the hearing of the motion, which was opposed by the plaintiff, both parties introduced evidence in the form of affidavits. The motion was denied by the municipal court; whereupon the defendant filed in the District Court of Aguadilla a petition in certiorari directed to the Municipal Judge of Aguadilla and to Isidro Quiñones Vidal, praying the court to finally set aside the order of the municipal court refusing the opening of the default and the admission of his answer. The writ was issued and the parties appeared. Really, it is difficult to understand why the plaintiff in the main action requested to be allowed to intervene. If the copy of the petition is correct, the certiorari was sought against "the Municipal Judge of Aguadilla and Isidoro Quiñones Vidal," and it is evident that a person designated therein as one of the defendants had no need to apply for intervention, as he had a perfect right to appear in the proceedings. The district court decided the case by quashing the writ and dissolving the

injunction which it had decreed. The present appeal has been taken from that decision.

Appellant Cardona Piquet assigns three errors. The first refers to the allowance of the intervention of Quiñones Vidal; the second to the refusal of the court to admit certain parol evidence; and the third to the holding of the district court that the municipal court had not committed any procedural error, and that the matter involved is one of discretion.

Whether or not Quiñones Vidal should have asked to be allowed to intervene in the certiorari proceedings, it is evident that as the plaintiff in the case under review, he was entitled to appear in such proceedings and to be heard in opposition to the petition. This proposition seems so clear that it is unnecessary for us to cite any authorities in support thereof.

As to the admission of the parol evidence which had been submitted in the municipal court, the rule in certiorari proceedings is that the return (as was the case here) contains the evidence.

"Except where otherwise prescribed by statute or authorized by the practice, it is the general rule that, in ascertaining whether or not the inferior court or tribunal had jurisdiction and proceeded regularly in making the determination complained of, the reviewing court is confined to the consideration of the record returned in obedience to the writ, by which the error, if any, must appear." 11 C. J., paragraph 355 and notes.

Some statutes authorize, more or less directly, the introduction of evidence *aliunde*. But evidence can never be admitted which would pervert the remedy and allow an attempt to review the weighing of the evidence by the lower court.

In *Padilla* v. *Justice of Peace,* 35 P.R.R. 276, it was said:

"The case now under consideration is not really a *special certiorari* proceeding to which we have just referred. The District Court of Mayagüez could issue the writ only by virtue of the power granted by the general Certiorari Act of 1904 (Comp. 1911, secs. 1349 to 1353). Such being the case and it appearing that the court admitted

evidence dehors the return, it must be acknowledged that the court erred. But in our opinion that error is not prejudicial, because the lack of jurisdiction of the Peace Court of Maricao over the person of the petitioner appears from the return itself, as we shall see at once upon considering the second assignment of error.''

And citation was made of the case of *Stump* v. *Board of Supervisors,* 131 Cal. 364, 63 Pac. 663, where it was held that—

''. . . The return to the writ constitutes the answer, as well as evidence, and the case is heard thereon, unless upon motion an additional or amended return is made.''

It would seem advisable to recall at this point what this court said in *Pabón* v. *Municipal Judge of Juana Díaz et al.,* 30 P.R.R. 439, 441–442:

''By reason of the subject-matter or the amount in controversy in the original suit the defendant had an opporunity to appeal to this court. The claim of the plaintiff exceeded $300 and, therefore, the decision of the District Court of Ponce was not final and the defendant had a speedy way of testing the sufficiency of that decision by taking a second appeal to this court. If we should hold that the order of the district court in the appeal from the municipal court refusing to open the default was appealable, then we should have to conclude that the defendant had within his reach the ordinary remedy of appeal. This is the conclusion at which we have arrived. The reason is that whether or not the order of the municipal court refusing to open the default was appealable, the fact is that the decision of the district court in the appeal from that order was appealable as a final judgment, and for a better illustration of this case we refer to the jurisprudence laid down by this court in Hernaiz, Targa & Co. v. Vivas, 20 P.R.R. 99. Hence it may be seen that the defendant could have availed himself of the ordinary remedy of appeal, and his lack of diligence in not making use of it is his own fault, inasmuch as the amount involved in the action in the municipal court allowed him an appeal from the order of the district court affirming the original order. In the case of Gibson v. Superior Court, 83 Cal. 643, it was held that an order opening a default is appealable. But that case originated in a superior court and there might be some doubt of its complete applicability to this case of an order originally entered by a municipal court. This doubt is removed by the case of Reagan v. Justice's Court, 75 Cal. 253. The action was commenced

in a justice's court. The justice's court had jurisdiction of the subject matter and of the person of the defendant. The defendant moved that court to open the default. The motion was overruled and thereupon a petition for a writ of *certiorari* was filed in the superior court. The writ was issued and after a hearing it was discharged and the defendant appealed to the Supreme Court. In its opinion the court said:

" 'We see nothing in the record to indicate that the court did not regularly pursue the authority conferred upon it by law. If, in so doing, it committed errors, it is not the province of the writ of review to correct them, as it only issues in cases where the inferior tribunal, board, or officer exercising judicial functions has exceeded its jurisdiction, and there is no appeal or other plain, speedy, and adequate remedy.' "

As regards the third assignment of error, there is no doubt that the powers conferred by section 140 of the Code of Civil Procedure are discretionary. It is true that the decision of the Municipal Court of Aguadilla can not be commended for its clearness or reasoning; but, even disregarding its comments on the conflicting state of the proof, the discretion was properly exercised and there was no abuse thereof. Under these circumstances, the basis for the judgment appealed from is strong and can not be attacked as erroneous. In any event, the reasoning of the court below can not be the subject of an appeal.

The judgment appealed from must be affirmed.