[L. A. No. 22500. In Bank. Apr. 24, 1953.]

THE PEOPLE ex rel. EDWARD J. SKELLY, Appellant, v. CITY OF GLENDALE, Respondent.

Edmund G. Brown, Attorney General, Kenny & Morris, Edward J. Skelly in pro. per., and Robert W. Kenny for Appellant.

Henry McClernan, City Attorney, John H. Lauten, Assistant City Attorney, O'Melveny & Myers, James L. Beebe, Sidney H. Wall and Bennett W. Priest for Respondent.

SHENK, J.—This is an appeal from a judgment for the defendant city of Glendale in a quo warranto proceeding which questions the validity of the annexation to the city of certain outlying districts under the Annexation Act of 1913.

For the purpose of the appeal the parties have stipulated to the facts, from which it appears that on October 18, 1951, the council of the city adopted a resolution declaring its intention to call special elections in each of three districts to

determine whether they should be incorporated within the boundaries of the city; that on November 10, 1951, the council duly adopted three resolutions ordering the special elections to be held within the districts on December 11, 1951; that notices of the three elections were published in a proper form and in a proper newspaper on the four Thursdays (November 15th, 22d, 29th, and December 6th, 1951) next preceding the elections held on Tuesday, December 11th, 1951; that the vote was in favor of annexation by a majority in each district; and that since January 28, 1952, the city has extended its government and control over each of the three districts as parts of the city of Glendale.

The plaintiff urges that the annexation proceedings are invalid because the provision of the Annexation Act of 1913 which requires publication of notices of elections imposes a jurisdictional requirement which was not complied with. The pertinent language of this provision is set forth in section 35123 of the Government Code as follows: "The city legislative body shall cause notice of the election to be published at least once a week for the four weeks prior to the election, in a newspaper of general circulation . . ." The plaintiff contends that the quoted language requires that a full period of four weeks, totaling 28 days, must elapse between the first publication and the date of the election. In the present case there was a total of 26 days between the publication of the first notice and the date of the election. The defendant contends, and the trial court held, that the statute requires that notice be published once in each of the four weeks prior to the election and that it is sufficient if the publications are made on any day of the respective week.

The result reached by the trial court appears to be supported by the decisions of this court. *Fostler* v. *City of Los Angeles* (1918), 179 Cal. 263 [176 P. 438], involved the forerunner of this same statute. Notice of an annexation election at that time was required to be published "at least once a week for a period of four successive weeks next preceding" the election. The notice was published five times at weekly intervals and the election was held three days after the last publication. In holding the election valid the court stated at page 264: "The notice was published once a week for five weeks and the last date of publication was within one week of the date of the election. This was sufficient . . ." By a parity of reasoning a publication "within" a week of the date of the election would be a sufficient publication for the

week next preceding the election. Since the statute required publication "for four successive weeks next preceding" the election, the first publication which occurred more than four weeks in advance of the election would not appear to be a publication meeting statutory requirements. The remaining four publications took place within a period of 24 days prior to the election. The publication requirement was held to be sufficient. In the present case four publications took place within a period of 26 days prior to the election.

The conclusion of the trial court is also supported by the decision of this court in *City of Lindsay* v. *Mack* (1911), 160 Cal. 647 [117 P. 924], where the construction of language similar to that in Government Code, section 35123, was required. There the Municipal Bonding Act stated that an ordinance calling an election for the authorization of bonds should be published "once a week for two weeks . . . and one insertion each week for two succeeding weeks shall be a sufficient publication . . ." The court held that the statute did not require that 14 days elapse between the publication of the first notice and the date of the election and that an election held on the 26th of the month after publication of notices on the 14th and 21st of the month was valid.

The plaintiff would distinguish the Lindsay case on the ground that the statute there under consideration was a "number of insertions" statute whereas the present case, it is. claimed, is one concerned with the duration of the publication of the notice. If "one insertion each week for two succeeding weeks" refers only to a specific number of insertions, then a publication "once a week for the four weeks" must likewise have reference to a specific number of insertions. Both provisions require that a specified number of notices be published during a designated period of time.

The plaintiff attaches considerable importance to the use of the word "for" and argues that the word "in" would have been used had the Legislature intended the construction given the statute by the trial court. The statute in that event would have read, "once a week in the four weeks prior to the election." In the city of Lindsay case the court construed the requirement of one insertion each week "for two succeeding weeks" to mean an insertion in or during each week. Moreover, speculation that the statute might have been framed more clearly to state the defendant's position is not significant in view of suppositions that the plaintiff's position could

have been more clearly stated as well. For example, section 6064 of the Government Code, not applicable here, provides that "Publication of notice pursuant to this section shall be once a week for four successive weeks. . . . The period of notice commences upon the first day of publication and terminates at the end of the fourth week thereafter."

The plaintiff relies upon two cases which, it is asserted, construed language similar to that of Government Code, section 35123, contrary to the trial court's decision herein. In *County of Los Angeles* v. *Payne* (1927), 82 Cal.App. 210 [255 P. 281], the County Water Works District Act provided that notice for a hearing of a petition for the formation of a district shall be "published at least once a week for two consecutive weeks . . ." The District Court of Appeal held that a publication on a particular day would constitute a publication for the following seven day period, and that it required an elapsed period of 14 days following the first publication to meet the requirements of the statute. In *Seccombe* v. *Roe* (1913), 22 Cal.App. 139 [133 P. 507], a provision in a deed of trust stated that notice of a sale thereunder was to be published "at least once a week for four consecutive weeks." The court held that a sale could not properly take place until 28 days had elapsed after the first publication

Those cases are distinguishable. Neither contained language to indicate, with relation to the event noticed, the particular weeks in which the publication was to take place. The only requirement was that the weeks be "consecutive" or "successive." Under these circumstances the court in each case took the view that the day of publication established the beginning of the week. But in the present case section 35123 establishes the particular weeks. It calls for publication "at least once a week for *the* four weeks prior to the election." (Emphasis added.) It is clear that the weeks designated must be the four successive periods of seven days each next preceding the election. At least once in each of *these* weeks the notice must be published. In the Payne and the Seccombe cases the courts were called upon to determine in which week the publication of a notice was effective. In the present case that determination is precluded by the language of the statute.

Neither of those cases made reference to the similarity of the language in the Lindsay case and in neither was a hearing sought in this court.

Both parties rely upon the decision in *Early* v. *Doe* (1853), 16 How. (57 U.S.) 610 [14 L.Ed. 1079]. A statute in that case required the publication of a notice "once in each week, for at least twelve successive weeks." The Supreme Court held that "when the legislator has used the words, for at least twelve successive weeks we cannot doubt that the words, at least as they would do in common parlance, mean a duration of the time that there is in twelve successive weeks, or eighty-four days." However, the court made it clear that the significant words were "at least." In speculating on the omission of those words from the statute, the court stated: "We do not doubt if the statute had been 'once in each week for twelve successive weeks' . . . that it might very well be concluded, that twelve notices in different successive weeks, though the last insertion of notice for sale was on the day of sale, was sufficient." In the present case the statute requires publication "at least once a week for the four weeks." The "at least" has reference only to the number of publications in each of the four weeks and does not set a minimum period of at least four weeks between the first publication and the event noticed. The statute is of the nature supposed by the Supreme Court in its hypothetical case. Furthermore, the language used in the Early case required publication for 12 "successive" weeks rather than for the 12 weeks prior to the event noticed, a distinction previously shown to be significant.

No sufficient reason has been advanced why the decisions of this court in the Fostler and the City of Lindsay cases should be departed from. The language of the present statute furnishes at least as strong grounds for upholding the election thereunder as in those cases. We therefore conclude that the statute has been complied with.

The judgment is affirmed.

Gibson, C. J., Edmonds, J., Traynor, J., and Spence, J., concurred.

SCHAUER, J., Dissenting.—I would reverse the judgment. The elections here questioned were special elections. It is fundamental that in special election proceedings the giving of the notice prescribed by statute is jurisdictional. (See *Stumpf* v. *Board of Supervisors* (1901), 131 Cal. 364, 368 [63 P. 663, 82 Am.St.Rep. 350]; *People ex rel. McKune* v. *John B. Weller* (1858), 11 Cal. 49, 62 [70 Am.Dec. 754].) The notices which were given did not meet the statutory re-

quirements. This court has no power to lessen the period of notice fixed by the Legislature. The annexation elections were therefore void and of no effect.

Insofar as it is urged that this court has already adopted a policy of tolerating departures from the legislative minimums I think examination of the cases cited in the majority opinion discloses that they are not authority for the holding reached. In the first place, from a reading of the controlling statute (Gov. Code, § 35123) it is at once apparent that the notice required is of the duration type, rather than the ''number of insertions'' type which the court was considering in *City of Lindsay* v. *Mack* (1911), 160 Cal. 647 [117 P. 924]. The statute here relevant specifies that ''The city legislative body shall cause notice of the election to be published *at least once a week for the four weeks prior to the election,* in a newspaper . . . , or if there is none, by posting it *at least four weeks next preceding the election* in three public places within the territory.'' (Italics added.)

We are dealing here with a newspaper publication but the equally carefully worded alternative requirement (in the sentence above quoted) that if there is no newspaper in which publication can be made the notice must be posted for a period four weeks in duration next preceding the election seems to me to leave no doubt of the legislative intent that a full four-week period of time must elapse between the first giving of the notice (whether it be by publication or by posting) and the date of the election. The notice in each case is a duration notice; in each case the period is four weeks; and in each case the four weeks is to run ''prior to'' or ''next preceding'' the election. Since the elapsed period here was only 26 days, it follows that the statute was not complied with, and I think this court should unhesitatingly so hold. I do not believe that it is a proper function of courts to whittle down a jurisdictional requirement. If by judicial construction two days can be eliminated from the statutory period, then why not four or six or perhaps eight, when occasion arises? But that is beside the point. The controlling consideration to me is that it is the function of the Legislature to fix the duration and character of notice and that it is the function of this court to uphold the law as enacted. The law as enacted requires 28 days.

*Fostler* v. *City of Los Angeles* (1918), 179 Cal. 263 [176 P. 438], is cited as support for the view that the 26-day notice

here given was sufficient. In that case the applicable statute required notice to be published "at least once a week for a period of four successive weeks next preceding" the election. The notice was published *five* times at weekly intervals and the election was held three days after the *fifth* publication. Obviously the publication at weekly intervals for each of *five* successive publications provided not less than the *four* weeks' notice required by the statute, and consequently that case furnishes no justification for a holding that publication covering a period less than four weeks in duration is adequate.

As early as *Early* v. *Doe* (1853), 16 How. (57 U.S.) 610 [14 L.Ed 1079], we find the United States Supreme Court dealing with a statute using language so similar to that with which we are concerned that its decision cannot by the facts and on principle be distinguished. It cogently supports the view that the requirement that publication be "at least once a week for the four weeks prior to the election" contemplates an elapsed time of 28 days. In the Early case the language of the statute was that publication must be made "once in each week, for at least twelve successive weeks." The holding of the court was clear and specific; it said the words "mean a duration of the time that there is in twelve successive weeks, or eighty-four days."

Until the holding of the instant case I thought it could be accepted as settled as to both law and fact that a week is made up of seven days and that "at least once a week for the four weeks prior to the election" or "at least four weeks next preceding the election" must encompass at least 28 days. Admittedly the electors received notices of only 26 days. I would therefore hold the elections void and reverse the judgment.

CARTER, J., Dissenting.—I agree with the views expressed by Mr. Justice Schauer, but I wish to call attention to one salient point overlooked by the majority, and that is that *notice* of the holding of an election is only one element to be considered. There is a time element which is of equal, if not greater, importance than the element of notice. It may be conceded that a substantial and not a strict compliance with the statute provides adequate *notice* of the election.

But *notice* merely informs the electorate when and where an election is going to be held. The *duration of the period of time* between the giving of notice and the date of the elec-

tion is the important element which permits the full functioning of the democratic process.

There can be no such thing as substantial compliance with the *element of duration*. The statute required a minimum of 28 days to elapse before the election was held. Only 26 days were permitted to elapse and at oral argument counsel for defendant admitted that under his view of the statute this time could even have been further shortened to 22 days. This must be conceded.

The full *duration* of the prescribed time represents the Legislature's decision as to the minimum period required for the completion of the opinion-forming process. It must be conceded that this was a "close" election.* Who can say what number of minds might have been changed one way or the other during the two days which defendant cut off the statutory period by allowing only 26 days after the first publication of the notice.

The voters may have been given notice of the election even though the time had been shortened but they should not be legally deprived of their right to the full statutory period in which to persuade others to their point of view. When the statute prescribed four weeks, it must have been the intention of the framers that those interested in the outcome of the election would have at least 28 days within which to present the pros and cons of the propositions to the voters. The fixing of a shorter period is a violation of both the spirit and letter of the statute.

I would reverse the judgment.

---

*"The vote in the New York Avenue annexation district was 1641 for annexation and 1525 against annexation. The total number of qualified electors of the New York Avenue annexation district was 4430 and the number of electors who voted at said election was 3166, or 71.4% of the total qualified electors.

"The vote in the Honolulu District annexation district was 205 for annexation and 141 against annexation. The total number of qualified electors of the Honolulu Avenue annexation district was 433 and the number of electors who voted at said election was 346, or approximately 80% of the total qualified electors.

"The vote in the Chevy Chase Drive annexation district was 15 for annexation and 11 against annexation. The total number of qualified electors of the Chevy Chase Drive annexation district was 25 and the number of electors who voted at said election was 26, representing 104% of the total qualified electors. (One elector, residing close to but outside the boundaries of said district was erroneously permitted to vote.)" (Agreed Statement on Appeal.)