[S. F. No. 2663.   Department Two.—July 15, 1903.]

WILLIAM MERSFELDER, Respondent, v. EMELIE T. SPRING, Appellant.

139   593
p139  596

EJECTMENT—SALE UNDER DEED OF TRUST—RECITALS IN DEED BY TRUS-
TEE—STIPULATION FOR CONCLUSIVENESS.—In an action of ejectment,
where the legal title only is involved, and the plaintiff claims under
a deed made by the trustee named in a deed of trust given to secure
certain promissory notes, and which provided for sale by the trustee
for default in payment, and that the recitals in the trustee's deed
of default and publication of time and place of sale shall be
conclusive proof thereof, there need be no proof by the plaintiff
to establish the validity of the trustee's deed by evidence *dehors*
the deed which contained such recitals.

APPEAL from an order of the Superior Court of Marin County denying a new trial.   F. M. Angellotti, Judge.

The facts are stated in the opinion.

George D. Collins, for Appellant.

C. F. Humphrey, for Respondent.

SMITH, C.—The suit was brought to recover possession of land described in the complaint.   The only defense set up rests upon a denial of plaintiff's ownership.   The judgment was for the plaintiff.   The appeal is from an order denying the defendant's motion for a new trial.

The land in question was formerly the property of one Westphal, who, with his wife, conveyed the same to the defendant by deed of date March 27, 1899.   The consideration for the deed was the sum of $4,700, evidenced by three notes, —payable, $1,000, May 11, 1899; $1,300, July 1, 1899; $2,400, April 1, 1900; and was secured by a deed of trust in ordinary form, made by the defendant to one McKerron, as trustee. The deed provides that, on default of payment, and on demand of Westphal, the trustee shall sell the premises at public auction, for gold coin, and for the publication of the time and place of sale, as specified in the deed; and further, that, in the event of sale and the execution of any deed or deeds under

CXXXIX. Cal.—38

the trust expressed, that "the recitals therein of default and publication shall be conclusive proof of such default and of the due publication of such notice; and any such deed or deeds, with such recitals therein, shall be effectual and conclusive against the said party of the first part, his heirs and assigns, and all other persons." The plaintiff deraigns title under a deed of date July 8, 1899, made by the trustee to one Green, who conveyed to the plaintiff. The deed to Green, among other things, recites the default of the grantor in the payment of the first of the above notes, the demand of Westphal on the trustee to sell, the publication of time and place of sale as specified in the deed, and the sale of the premises accordingly "for the sum of —— dollars." The amount is omitted, but appears from the recital of consideration to be twelve hundred dollars. On the trial the several deeds referred to—namely, the deed of Westphal to defendant, the trust deed, the trustee's deed to Green, and the deed of the latter to the plaintiff—were read in evidence, and, with the exception of testimony as to the monthly value of the land, this was all the evidence introduced.

The only point made by appellant's counsel requiring consideration is, that it devolved on the plaintiff to establish the validity of the trustee's deed by evidence *dehors* the deed, showing that the conditions on which the trustee was authorized to sell had been complied with; and in support of this contention it is urged that, under section 870 of the Civil Code, the deed of the trustee of an express trust in contravention of its terms is absolutely void,—the rule at common law being thus abolished, which, in cases involving the legal title only, was to the contrary, (Perry on Trusts, secs. 328, 602a; Tiffany and Bullard on Trusts, p. 811) ; and hence, that in legal as well as in equitable cases the validity of the trustee's deed must, under our law, depend upon a compliance with the terms and directions of the deed, which are conditions precedent to his power to sell (*Savings Society* v. *Burnett,* 106 Cal. 534; 2 Perry on Trusts, secs. 511b, 602g, 602p, 602t) ; that with regard to these the effect of the trustee's deed or of his recitals therein is the same as in the case of the acts of other agents, (Civ. Code, secs. 2267, 2299, 2300, 2330; *Sacramento Bank* v. *Alcorn,* 121 Cal. 384) ; and hence, that in the

absence of authority given by the instrument to the trustee to bind his principal by his recitals or acts, these conditions must be proved. (Code Civ. Proc., sec. 457; *Sprague* v. *Edwards,* 48 Cal. 239.) These views, it is admitted by the counsel, are not consistent with the decision of this court in *Savings and Loan Society* v. *Deering,* 66 Cal. 281; but it is urged that in that decision no reference was made to the provisions of the code bearing on the subject, nor was their effect considered; and hence, to use the language of the court in *Alferitz* v. *Borgwardt,* 126 Cal. 207, that the decision "was not a construction, but a failure to note the statute," and upon the authority of that case should be reversed.

But whatever may be the force of the argument as noted, these questions, though interesting, can arise only in cases where no authority is given by the deed to the trustee to bind his principal by his recital or by his deed, or, to use the language of the counsel, only "in the absence of a stipulation in the trust deed making the trustee's deed evidence of its own validity." But here we have the express stipulation that the recitals in the deed of default and publication shall be conclusive proof of those facts, and that the "deed, . . . *with such recitals* therein, shall be effectual and conclusive against the said party of the first part," etc.; which is in express terms to give the trustee the authority to bind his principal by the mere execution of a deed containing the prescribed recitals. This provision would not, perhaps, preclude the inquiry in an equitable proceeding into the fairness of the sale, or into other matters which on equitable principles might entitle the party injured to relief; but it must be taken as conclusive in a case involving only the legal title, such as the case at bar.

We advise that the order appealed from be affirmed.

Chipman, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the order appealed from is affirmed.

McFarland, J., Lorigan, J., Henshaw, J.