[S. F. No. 5971.  Department One.—January 27, 1913.]

## JOSE REALTY COMPANY (a Corporation), Respondent, v. V. PAVLICEVICH, Appellant.

QUIETING TITLE—DEFENSE OF PURCHASE AT TRUSTEE'S SALE UNDER DEED OF TRUST—EVIDENCE OF FRAUD IN SALE ADMISSIBLE WITHOUT BEING PLEADED.—In an action to quiet title to land, in which the defendant by his answer sets up title through a sale by a trustee under a deed of trust, executed by the plaintiff's predecessor in interest, the plaintiff, in avoidance of such defense, may offer evidence to show that the trustee's sale and deed made in pursuance thereof were invalid by reason of fraud, without pleading the fraud in his complaint.

ID.—FRAUDULENT SALE BY TRUSTEE—ABSENCE OF DEFAULT IN PAYING INTEREST—NEW TRIAL—FINDING—SPECIFICATIONS OF INSUFFICIENCY OF EVIDENCE.—In such action, where the court in effect found that the plaintiff was the owner of the land subject to such deed of trust, and that the attempted trustee's sale for default in the payment of interest on the note secured by the trust deed was void because the payer of such note had had sufficient funds at the place of payment for the purpose of paying such interest, specifications in the notice of intention to move for a new trial on the minutes of the court, that the evidence was insufficient to justify the findings (1) that plaintiff is the owner of the premises, (2) "that the interest which defendant has in the premises is without right," and (3) "that the money for the payment of the interest on said note was at all times ready at the place of payment," are sufficient to present the question whether or not the finding on the subject of the default in the interest payments is sustained by the evidence.

ID.—RECITAL OF DEFAULT IN TRUSTEE'S DEED—CONCLUSIVENESS IN ABSENCE OF FRAUD.—A recital in a deed executed by a trustee in pursuance of a sale by him under a deed of trust given to secure the payment of a note, that the payer of the note was in default at the time of sale, is conclusive on the trustor and his successors in interest, where the deed of trust empowers the trustee to make it, in the absence of fraud of which the purchaser at the trustee's sale had notice.

ID.—SALE BY TRUSTEE IN ABSENCE OF DEFAULT—KNOWLEDGE BY PURCHASER—FRAUDULENT SALE—EVIDENCE INSUFFICIENT TO ESTABLISH FRAUD.—The facts that the payee of the note, knowing that there had been no such default, declared the principal and interest due and caused the trustee to make a sale under the power by falsely informing him that the payer was in default, and that the payee himself bought in the property at the trustee's sale, and that the

owners of the property were not informed of the sale or of the notice given thereof and had no knowledge of it, would be sufficient to avoid the trustee's sale and deed. It is held, however, that the evidence is insufficient to show that the payer of the note was not in default in the payment of interest, and that the payee knew he was not in default.

ID.—DEMAND FOR PAYMENT OF NOTE—DEFAULT IN PAYMENT.—Under section 3130 of the Civil Code, no demand of payment upon the payer of a promissory note is necessary in order to create a default in payment.

ID.—NEGOTIABLE INSTRUMENT PAYABLE AT SPECIFIED PLACE—ABILITY AND WILLINGNESS TO PAY—EQUIVALENT TO OFFER OF PAYMENT—FUNDS FOR PAYMENT ESSENTIAL.—The provision of section 3130 of the Civil Code, to the effect that if a negotiable instrument is by its terms payable at a specified place, and the principal debtor thereon is able and willing to pay it there at maturity, such ability and willingness are equivalent to an offer of payment upon his part, cannot be complied with by a mere passive ability and willingness. There must be an ability to pay manifested by providing funds at the place of payment in the hands of some person there present who is authorized to pay it on the debt and is willing to do so.

ID.—INSUFFICIENT EVIDENCE OF ABILITY AND WILLINGNESS TO PAY.—Where a promissory note is made payable at the office of a specified person, mere evidence that such person, or some other person in his office, had money enough to pay the interest on the note at any time had it been demanded, without any showing that the money belonged to the payer of the note, or had been provided or placed there by him, or any other person, for the purpose of paying the interest, or that the proprietor of the office, or any other person there, was willing to pay it out on the interest, or had been authorized or instructed to do so, or that any of them intended to do so if the interest had been demanded, is insufficient to establish the equivalent of an offer to pay the interest, under section 3130 of the Civil Code.

APPEAL from a judgment of the Superior Court of Santa Clara County from an order refusing to vacate the judgment, and to enter judgment for the defendant on the findings, and from an order refusing a new trial. John E. Richards, Judge.

The facts are stated in the opinion of the court.

W. B. Hardy, and Charles Clark, for Appellant.

Will M. Beggs, and R. C. McComish, for Respondent.

SHAW, J.—The defendant presents three appeals: One from the judgment, a second from a ruling refusing to vacate the judgment for plaintiff and enter judgment for defendant on the findings, and a third from an order denying defendant's motion for a new trial. It will be necessary to consider only the appeal from the order denying a new trial.

The plaintiff's action was to quiet its alleged title to a parcel of land, the complaint being in the usual form, alleging ownership in plaintiff and an unfounded claim by the defendant. The proof showed that on November 30, 1909, one J. A. Cottle, being then the owner of the land subject to a deed of trust by him previously made, conveyed it to one A. E. House and that, on September 21, 1910, said House executed a deed purporting to convey the land to the plaintiff.

The defendant, for answer, alleged that on November 30, 1909, Cottle executed a deed conveying the land to a trustee with power of sale, to hold the same as security for the payment of a note from Cottle to Pavlicevich, dated October 18, 1909, payable one year after date, for three thousand three hundred dollars, with interest at seven per cent per year, payable monthly, and providing that if the interest was not so paid the payee might declare the whole sum due, of which declaration the maker waived notice; that no interest was paid for the months of May, June, July, or August, 1910, whereupon the defendant declared the whole sum due and the trustee, at defendant's written request, and in the manner prescribed by the terms of the power of sale, offered the land for sale for nonpayment of debt, sold it to Pavlicevich and in pursuance thereof, on September 20, 1910, conveyed the land to Pavlicevich by deed which was duly recorded on the same day, whereby defendant became the owner of the premises.

The note declared that it was payable at the office of Will M. Beggs, in San Jose. The deed to the trustee provided that, in any deed made by the trustee under the power of sale, the recital in such deed of any matter of fact, including the fact that default had been made in the payment of the note or interest thereon when due, should be conclusive proof of such fact against Cottle, his heirs and assigns. The deed executed by the trustee to Pavlicevich recited that the interest on said note was on August 24, 1910, overdue and unpaid and that Pavlicevich had elected to consider the principal as

immediately due and payable and had directed the trustee to proceed and that the first publication of the notice of sale was on August 25, 1910.

The plaintiff, on the trial, did not controvert any of these statements, except the statement that the interest on the note, or any part of it, was overdue at or prior to the giving of said notice of sale. Its contention is that it had bought the title of Cottle and had assumed the payment of the note, that it was able and willing to pay it at the office of Beggs at the time the respective monthly payments became due and, consequently, that under the provisions of section 3130 of the Civil Code it was not in default. It also claimed that the trustee's sale was fraudulently procured by Pavlicevich, the fraud consisting of his conduct in giving the direction to the trustee to sell the land for default in payment of interest, when, by reason of plaintiff's ability and willingness to pay the interest at the time it fell due at the place of payment, there was no default.

It was not necessary for plaintiff to plead fraud in its complaint. The trustee's sale was set up by the defendant as a defense to the action of the plaintiff. In such a case proof of fraud sufficient to avoid the trustee's sale and deed was admissible without further pleading, it being matter in avoidance of the defense set up in the answer. (*Moore* v. *Copp,* 119 Cal. 433, [51 Pac. 630] ; *Brooks* v. *Johnson,* 122 Cal. 570, [55 Pac. 423] ; *White* v. *Stevenson,* 144 Cal. 112, [77 Pac. 828] ; *Wendling Co.* v. *Glenwood Co.,* 153 Cal. 415, [95 Pac. 1029] ; *Peck* v. *Noee,* 154 Cal. 354, [97 Pac. 865].)

The court found that no interest was ever paid on the note for any month after April, 1910, but that at all times since that date "the payer of said note has had sufficient funds at said office for the purpose of paying said interest," and that the defendant had never demanded the payment of said interest. Upon this finding it made a conclusion of law that there was no default in the payment of interest and that the declaration by Pavlicevich that the principal was due, and the sale and deed made in pursuance thereof, were fraudulent and void. There was also a general finding that the plaintiff was the owner of the land, subject to the deed of trust executed by Cottle, and that the interest which the defendant

claims, in addition to the rights conferred by said deed of trust, is without right.

The defendant gave notice of intention to move for a new trial, stating that the motion was to be made on the minutes of the court. The notice in effect specified that the evidence was insufficient to justify the following findings: 1. That plaintiff is the owner of the premises; 2. "That the interest which defendant has in the premises is without right"; 3. "That the money for the payment of the interest on said note was at all times ready at the place of payment." Although these are not in the customary form for such specifications of insufficiency, we think they are sufficient to present the question whether or not the finding on the subject of the default in the interest payments is sustained by the evidence.

If the recital in the trustee's deed is conclusive on Cottle and his successors in interest, it would follow that this finding is contrary to the evidence. That such recital is conclusive, where the deed of trust empowers the trustee to make it, in the absence of fraud of which the purchaser at the trustee's sale had notice, appears to be settled by the decisions of this court. (*Simson* v. *Eckstein,* 22 Cal. 593; *Carey* v. *Brown,* 62 Cal. 374; *Mersfelder* v. *Spring,* 139 Cal. 595, [73 Pac. 542.) Respondent, however, claims that by showing that Pavlicevich, knowing that there had been no such default, declared the principal and interest due and caused the trustee to make a sale under the power by falsely informing him that the payer was in default, and that Pavlicevich himself bought the property at the trustee's sale, and that the owners of the property were not informed of the sale or of the notice given thereof and had no knowledge of it, it has established the proposition that the sale and deed were procured by fraud, and that this is sufficient to let in proof of the falsity of the recital in the deed of the trustee and set aside the sale made by him. We are of the opinion that if these facts were shown the fraud claimed would be sufficiently established. But we think the proof was lacking so far as the facts of there having been no default in payment of interest and of knowledge by Pavlicevich are concerned.

It is admitted that the interest for the four months above specified has never been paid. It is not claimed that Pavlicevich knew, or ever was informed, that the plaintiff, or any

other person, had funds in the hands of Beggs, or with any other person at his office or elsewhere, with which to pay the interest, or that any money had been placed there for that purpose. Pavlicevich testified that the loan to Cottle was made for him through the agency of Beggs, to whom he had intrusted the money for that purpose, that he demanded from Beggs in his office, about the first of June, 1910, the payment of the interest due on May 18, 1910, and that during the months of May, June, July, and August, 1910, he went repeatedly to Beggs's office to collect the interest, but failed to get it, and that Beggs never offered to pay it. This, clearly, was ample evidence of the existence of a default. In rebuttal Beggs testified that he was the president of the Jose Realty Company, and that, in February, 1910, he told Pavlicevich that said company had succeeded to the interest of Cottle in the property, and was to look after the payment of the note and interest. He further testified that he had advanced $8.50 for Pavlicevich to pay costs in a justice court suit, in which he was attorney for Pavlicevich, and that Pavlicevich, in January, 1910, agreed that this advance might be adjusted the next time the interest fell due on the note, that no interest was paid from that time until May 5th, when he paid to Pavlicevich $57.75, being interest for three months ending April 18th, that the $8.50 was not then adjusted or deducted; that Pavlicevich, shortly afterward, asked Beggs to find a purchaser for the note, saying that he needed the money, that Beggs tried to do this and that there were several conversations between them about it and that Pavlicevich never demanded payment of the interest from him, or from anybody else in his presence, or to his knowledge. There is no testimony that any person ever offered to pay such interest. Beggs was then asked the question: "Did you have funds at your office, or had any of the persons in charge of your office, sufficient to pay the interest at any time had it been demanded," to which he answered: "Yes, sir." This was all the evidence tending to show that the plaintiff was able and willing to pay the interest at the office of Beggs.

The purpose of this evidence was to bring the case within the provisions of section 3130 of the Civil Code, which reads as follows: "It is not necessary to make a demand of payment upon the principal debtor in a negotiable instrument in order

to charge him; but if the instrument is by its terms payable at a specified place, and he is able and willing to pay it there at maturity, such ability and willingness are equivalent to an offer of payment upon his part.'' Under this section no demand was necessary in order to create a default in payment. The latter clause of the section manifestly refers to section 1500 of the Civil Code, which provides that, ''An obligation for the payment of money is extinguished by a due offer of payment, if the amount is immediately deposited in the name of the creditor, with some bank of deposit within this state, of good repute, and notice thereof is given to the creditor.'' Under this section it has been uniformly held that although such an offer, when not followed by an immediate deposit, does not pay the debt, or extinguish the obligation to pay it, yet if the mere offer is duly made, the effect is that there is at that time no breach of the promise to pay. (*Randol* v. *Tatum,* 98 Cal. 399, [33 Pac. 433]; *O'Conor* v. *Braly,* 112 Cal. 37, [53 Am. St. Rep. 155, 44 Pac. 305]; *Knowles* v. *Murphy,* 107 Cal. 115, [40 Pac. 111]; *Wolff & Co.* v. *Canadian Pac. R. R. Co.,* 123 Cal. 543, [56 Pac. 543]; *Montgomery* v. *Tutt,* 11 Cal. 318, 327.) Section 3130, of course, cannot be complied with by a mere passive ability and willingness. There must be an ability to pay manifested by providing funds at the place of payment in the hands of some person there present who is authorized to pay it on the debt and is willing to do so. If, therefore, the plaintiff had placed sufficient money in the office of Beggs, to be applied to the payment of this interest, in charge of some person there who was authorized and directed to use it for that purpose when demand was there made, or if it had been in attendance there by its agent with sufficient money and authority to pay such interest, and had been able and willing thereafter to pay it on demand, it would not have been in default for nonpayment of interest, although the obligation to pay it would remain. (*Montgomery* v. *Tutt,* 11 Cal. 318.)

But the evidence does not show this to be the case. It merely shows that Beggs, or some other person in his office, had money enough to pay the interest at any time had it been demanded. It does not show that the money belonged to the plaintiff, or that it had been provided or placed there by the plaintiff, or any other person, for the purpose of paying this

interest, or that Beggs, or that any other person in his office, was willing to pay it out on the interest, or had been authorized or instructed to do so, or that any of them intended to do so if the interest had been demanded. There was, therefore, no proof that "the *payer* of said note has had sufficient funds at said office" to pay the interest, or that the payer had sufficient or any funds there "for the *purpose* of paying said interest" as the findings declare, or that the payer was "able and willing to pay it there," in the sense necessary to constitute the equivalent of an offer to pay under section 3130 aforesaid. The proof in rebuttal was not sufficient to overcome the positive proof of the defendant that the interest was not paid when due.

The judgment is vacated and the order denying a new trial is reversed.

Angellotti, J., and Sloss, J., concurred.

Hearing in Bank denied.