[Civ. No. 1302.    Second Appellate District.—May 19, 1913.]

## A. H. SECCOMBE, Appellant, v. A. J. ROE et al., Respondents.

TRUST-DEED—SALE BY TRUSTEE—LENGTH OF TIME FOR PUBLICATION OF NOTICE.—A stipulation in a deed of trust that the publication of notice of sale thereunder is to be once a week for four successive weeks, contemplates a publication for four weeks of seven days each; a sale by the trustee within twenty-eight days from the first publication is without authority, although in fact four publications are had prior to the sale.

ID.—PROPER NOTICES OF SALE—EFFECT OF NOT GIVING—TITLE OF PURCHASER.—If proper notices of a sale under a deed of trust are not given, the sale will not be allowed to stand. While the trustee may

convey the legal title in breach of the trust and without complying with the power, yet the purchaser, in equity, will hold the property upon the same trusts upon which the trustee held it, for the reason that the purchaser should be held to know the record title of his vendor.

ID.—PURCHASE BY PAYEE OF NOTE SECURED BY TRUST-DEED.—If the purchaser is the payee of the note secured by the deed of trust, and the sale is invalid, he holds the legal title to the property on the same trusts as those originally created, that is, as security for the debt sued on.

ID.—RECITALS IN DEED CONFIRMING VALIDITY OF SALE—CONCLUSIVENESS.—Provisions in the trust-deed that in the event of a sale of the premises and the execution of a deed thereunder, the recitals therein of default payments, publication of notice, terms of sale, or any other fact confirming the validity of the sale, shall be conclusive proofs of such matters, applies only to innocent purchasers; as between the trustor and the beneficiary, when the beneficiary takes the legal title under a sale made in violation of the terms of the trust, the trustor is not estopped to deny the regularity of the sale and to obtain equitable relief through a redemption thereof.

APPEAL from an order of the Superior Court of Los Angeles County discharging an attachment. Gavin W. Craig, Judge.

The facts are stated in the opinion of the court.

P. S. McNutt, for Appellant.

Wm. L. Jarrott, and James S. Jarrott, for Respondents.

ALLEN, P. J.—This action was to recover the balance due upon a promissory note originally secured by a deed of trust; it being alleged that upon default in the payment of the note by defendants the property described in the deed of trust was sold and the net proceeds derived from said sale applied upon such note. An affidavit was filed with the complaint herein sufficient in form to authorize the issuance of a writ of attachment, which writ was issued and levied upon the property of defendants. Thereafter defendants moved to discharge the attachment upon the ground that the statements contained in the affidavit for attachment were untrue. The court upon the hearing of such motion granted the same, and from the order discharging the attachment plaintiff appeals.

A determination of the controlling question presented upon this appeal depends upon the effect which should be given the stipulation in the deed of trust securing the obligation, which in terms provides that before sale said trustee should publish notice of the time and place of sale at least once a week for four successive weeks. It was stipulated upon the hearing of the motion to discharge the attachment that publication was made on October 3d, 10th, 17th, and 24th, and the sale was made October 25, 1912. It thus appears that the sale was made within less than four weeks from the time of the first publication, but that in fact four publications were had before sale. Appellant's contention is that the stipulation discloses a complete compliance by the trustee with the agreement as to the time of publication, which was made a condition precedent to sale. The trial court evidently acted upon the theory that once a week for four successive weeks must be construed as a stipulation that the first publication should be made at least twenty-eight days before the time of sale; and this is respondents' contention, based upon section 3258 of the Political Code, which provides that a week consists of seven consecutive days, and that under the authority of *Townsend* v. *Tallant,* 33 Cal. 45, [91 Am. Dec. 617]; *Williams* v. *Board of Supervisors of Sacramento Co.,* 58 Cal. 237; and *Reclamation Dist.* v. *McPhee,* 13 Cal. App. 384, [109 Pac. 1106], a sale is invalid where the interval between the date of the first publication and the sale did not exceed twenty-eight days, and they cite a number of authorities upon the proposition that a publication for a certain number of weeks must be made for as many days before the date of sale as there are days in the number of weeks. All of the California cases relied upon by respondents deal with instances where the statute with reference to notice provided for a publication or a notice of four weeks preceding the performance of the act, and in most of the cases from other jurisdictions cited by respondents the court was dealing with the same requirement. These authorities cited throw but little light upon the question presented, unless it be said that once a week for four successive weeks is the equivalent of a stipulation for four full weeks' publication. This construction was given to section 440 of the Code of Civil Procedure of New York in *Market National Bank* v. *Pacific National Bank,* 89 N. Y. 397. That

section of the code provided that publication shall be made
for such length of time as may be deemed reasonable, but not
less than once a week for six weeks. It was there said by the
court: "It will be perceived that the publication must be made
for a specified period of time, and when the statute provides
for six weeks it is obvious that this period will not elapse prior
to its expiration. It does not provide for a publication six
times within six weeks, but for a time not less than once a
week for six successive weeks. . . . Its object is to give notice
by means of the newspapers, and it cannot be claimed that
such notice is given for six weeks before that time expires.
Looking at the various provisions referred to, it is a reason-
able construction that the law intended a full six-weeks pub-
lication, and not six times in six different weeks." Notice
of a sale of real estate for taxes was published twelve succes-
sive weeks, the first insertion being 82 days prior to the sale,
under a statute requiring the notice to be given by advertise-
ment in a newspaper once a week for at least twelve successive
weeks. The supreme court of the United States in *Early* v.
*Doe,* 16 How. 610, [14 L. Ed. 1079], said: "The preposition
'for' means, of itself, duration, when it is put in connection
with time, and as all of us use it in that way in our every-
day conversation, it cannot be presumed that the legislator,
in making this statute, did not mean to use it in the same way.
Twelve successive weeks is as definite a designation of time,
according to our division of it, as can be made. When we say
that anything may be done in twelve weeks, or that it shall not
be done for twelve weeks, after the happening of the fact
which is to precede it, we mean that it may be done in twelve
weeks, or eighty-four days, or, as the case may be, that it shall
not be done before." These authorities above mentioned are
quoted with approval in *State* v. *Cherry County,* 58 Neb. 734,
[79 N. W. 825], wherein significance is attached to the use
of the word "for" as indicating duration of time. It seems to
us that when the stipulation in the deed of trust was that the
publication was to be once a week for four weeks, it meant
four weeks of seven days each, or that twenty-eight days shall
elapse from the date of the first publication to the date when
authority was given to make the sale, and that a sale made
within less than twenty-eight days from the first publication
was without authority upon the part of the trustee. It must

be conceded as a legal proposition that if proper notices of a sale are not given, the sale will not be allowed to stand; and while the trustee may convey the legal title in breach of the trust and without complying with the power, yet the grantee will take a good title at law, but such purchaser, in equity, will hold the property upon the same trusts upon which the trustee held it, for the reason that the purchaser should be held to know the record title of his vendor. In this case the purchaser was the payee of the note and the beneficiary under the trust and must be said, if the sale were invalid, to hold the legal title to this property upon the same trusts as those originally created, which were that he held the same as security for the payment of the debt sued upon.

It is claimed by appellant, however, that such deed of trust containing the provision that, in the event of a sale of said premises, or any part thereof, and the execution of a deed thereto under the trust, then the recitals therein of any default payments, publication of notice of sale, demand that such sale should be made, postponement of sale, terms of sale, purchaser, payment of purchase money, and of any other fact or facts confirming the regularity or validity of said sale, shall be conclusive proofs of such matters and of all other facts recited therein against the said first parties, defendants are estopped to claim irregularity connected with the sale. That this would be the effect as to a purchase by a third party and a conveyance to him by the trustee, must be conceded upon the authority of *Mersfelder* v. *Spring*, 139 Cal. 593, [73 Pac. 452]. But are such recitals conclusive as between the parties to the deed? We think not. As said in the concluding part of the opinion in the case last cited: They are conclusive in a case involving only the legal title, as in ejectment, but will not preclude inquiry in an equitable proceeding into the fairness of the sale, or into other matters which on equitable principles might entitle the party injured to relief. We are of opinion that this stipulation as to conclusiveness, reading the whole deed and the various requirements together, was only intended and only had the effect to protect an innocent purchaser or a third party to the transaction who acquired at such sale the legal title, but that as between the trustor and the beneficiary, when such beneficiary takes the legal title under a sale made in violation of the terms of the trust, the

trustor is not estopped to deny the regularity of the sale and to obtain equitable relief through a redemption thereof, which is sought in this case under the pleadings. We conclude, therefore, that the trial court committed no error in its order dissolving the attachment.

The order appealed from is affirmed.

James, J., and Shaw, J., concurred.