[Civ. No. 3234. Third Appellate District.—November 14, 1928.]

MABEL E. HARKER, Respondent, v. F. J. RICKER-SHAUSER et al., Appellants.

Schweitzer & Hutton, and B. R. Ware for Appellants.

John Cooper Packard for Respondent.

TUTTLE, J., *pro tem.*—This is an action brought to recover possession of 350 acres of land in Yolo County. The complaint alleges that plaintiff is now and ever since the seventh day of February, 1922, has been the owner thereof; that defendants, on or about the eighth day of May, 1923, entered into said land and ousted plaintiff therefrom and that defendants now wrongfully withhold possession of said premises. Judgment for possession is prayed for. The answer denies the ownership by plaintiff. As a further defense, defendants set up the execution of a certain deed of trust by plaintiff, covering said property; that a default occurred on behalf of plaintiff in the performance of certain conditions therein; that a sale of said property under said trust deed was had, and that defendant F. J. Rickershauser purchased the same and that he is now the owner thereof.

The trial court found that said trust deed was null and void, and judgment was entered for plaintiff, decreeing her to be the owner of said property and that she recover possession thereof. From this judgment defendants appeal.

It appears from the record that in the month of January, 1922, plaintiff was the owner of certain real property in Los Angeles, which she agreed to trade with defendants for the 350 acres of land in Yolo County, above referred to. Pursuant to said agreement, plaintiff executed and delivered to defendants a deed to her said property, and defendants conveyed said Yolo County property to plaintiff. The whole transaction appears to have been consummated by March 1, 1922, on which date the deed to plaintiff was recorded. During the negotiations between said parties, it

developed that there was outstanding a judgment against J. B. Harker, husband of plaintiff, in the sum of $7,200 or thereabouts, and that execution had theretofore been levied against the interest of said Harker in the Los Angeles property involved in said trade, said property standing on the records at the time of said levy in the name of plaintiff. For the purpose of protecting defendants from the levy of said execution a trust deed was executed by plaintiff and her said husband, covering said Yolo County property, and containing the following provision:

"In the execution, delivery and acceptance of this trust deed it is expressly understood and agreed between all parties hereto, that if the parties of the first part pay said judgment or cause the said execution to be released from said property first herein described, then the said note and this trust deed to become null and void and of no effect." A note for $7,200 due six months after date, was executed in connection with said trust deed.

Plaintiff introduced in evidence her deed from defendant, testified that defendants were in possession of the premises described therein and rested. Defendants thereupon introduced in evidence the said trust deed and a deed from the trustee named therein and given pursuant to a sale had under the provisions thereof, and rested. Plaintiff, in rebuttal, then introduced in evidence a certified copy of the release of the levy of execution above referred to, dated February 27, 1922. There is also testimony to the effect that the judgment under which said execution was levied was satisfied September 30, 1922. The facts above recited with reference to the release of the levy of the execution were found by the court to be true. The court also found that said sale under the trust deed was made after defendants knew that said execution had been released and the judgment under which the same was levied had been satisfied.

It is first contended by appellants that the trustee's deed and the recitals therein were a conclusive and complete defense to the action, and "that said deed and its recitals in this action could not be attacked, qualified or disproved by plaintiff." The trust deed contained the following provision:

"And in the event of the sale of said property, or any part thereof, and the execution of a deed or deeds therefor under these trusts, then the recitals therein of default, that the beneficiary or holder of the note had given notice of the default and election to sell the described premises under the powers of the deed of trust, to satisfy the debt, was duly recorded in the office of the county recorder for three months prior to the notice of sale, due publication of the notice of sale, due and proper posting of the notice of sale, and also publication of notice of postponement, if the sale was postponed; that the sale was made to the highest bidder; that the purchase-money was paid; and any such deed or deeds with such recitals shall be effectual and conclusive, as against the said parties of the first part, their heirs or assigns, and all other persons; and the recital of the receipt of the purchase-money contained in any deed executed to the purchaser, as aforesaid, shall be a sufficient discharge to such purchaser from any obligation to see to the proper application of the purchase-money, according to the trusts provided in this instrument." The deed of the trustee contained recitals of all the facts referred to in the foregoing provision.

The trust deed also contained the following references to the judgment and execution levied pursuant thereto:

"This deed of trust, made this 11th day of February, 1922, between Mabel E. Harker and J. B. Harker, of the first part, D. K. Gault, party of the second part, and F. J. Rickershauser, party of the third part, witnesseth:

"That whereas, Ward Rice has heretofore obtained judgment against Mocalwa Investment Company and J. B. Harker, upon which said judgment there is now due $7,200.00, or thereabouts; and

"Whereas, an execution has heretofore been issued on said judgment and levied upon all of the interest of J. B. Harker in the following described property, to-wit:

"Lot 122, Westlake Park Tract, as per map recorded in book 12, page 15, miscellaneous records of the county of Los Angeles, state of California, which third party is about to purchase; and

"Whereas, J. B. Harker disclaims any interest in said described land and Mabel E. Harker claims to be the sole and exclusive owner thereof as her separate property; and .

"Whereas, J. B. Harker and Mabel E. Harker are both desirous of selling said property to third party subject to said execution and the claims of Ward Rice arising therefrom; and

"Whereas, by reason of the premises and the hereinafter contained covenants on third party's part, the said Mabel E. Harker and J. B. Harker have agreed to pay to said party of the third part the amount of the balance due on said judgment, in gold coin, with interest, according to the terms of one certain promissory note executed and delivered by the said party of the first part, said note being in words and figures as follows:

" '$7200.00.

" 'Los Angeles, Cal. February 1, 1922.

" 'Six months after date, for value received, we, and each of us, promise to pay F. J. Rickershauser, or order, at 1225 Citizens National Bank Building, Los Angeles, California, the sum of seven thousand two hundred and no/100 dollars with interest at the rate of one per cent per annum from date until paid, interest payable at maturity, and if not paid to be compounded and bear the same rate of interest as the principal; and should the interest not be paid when due, then the whole sum of principal and interest shall become immediately due and payable at the option of the holder of this note. Principal and interest payable in gold coin of the United States. This note is secured by a deed of trust to D. K. Gault, of Los Angles, California.

" 'MABEL E. HARKER.

" 'J. B. HARKER.'

"This trust deed may be used as security for any additional sums coming due under said judgment in favor of said Ward Rice. . . .

"In the execution, delivery and acceptance of this trust deed it is expressly understood and agreed between all parties hereto, that if the parties of the first part pay said judgment or cause said execution to be released from said property first herein described, then the said note and this trust deed to become null and void, but if said first parties fail to pay said judgment or cause the release of said execution within six months from date hereof, then third party assumes and agrees to pay said judgment, or so much thereof

as at said time remains due and unpaid, on or before one year thereafter.

"The payment of said judgment by third party shall not be a prerequisite to the foreclosing of this trust deed."

The trustee's deed does not refer in any manner or particular to the last-mentioned provisions. It recites that "there has been a default in the payment of money advanced in accordance with the provisions of said trust deed." The whole intent and purpose of executing said trust deed was, as both parties admit, to secure the payment of the judgment *or* the release of the execution levied pursuant thereto. It was given as security for the performance of either of said acts by the first party named therein, and upon such performance it is expressly provided that the instrument shall "become null and void."

As there were clearly no recitals contained in the trustee's deed with reference to the said judgment and execution, there is little or no force in the contention made by appellants. Even assuming that such recitals could be established by inference, they would not be conclusive in an action between the parties to the trust deed.

■ A trustee under a deed of trust is the common agent of both parties (*Ainsa* v. *Mercantile T. Co.*, 174 Cal. 504 [163 Pac. 898]), and the theory upon which the courts have proceeded in construing recitals in trustee's deeds is that the grantor under the trust deed is bound by the delegation of such authority as is given to the trustee in the exercise of his trust. This includes the execution of a deed pursuant to a sale, and the inclusion in said deed of such recitals as the parties may agree upon, and may include a clause relative to the conclusiveness of such recitals as to truth of the facts stated therein. Such recitals are conclusive where an innocent third party is the grantee in the trustee's deed (*Jose Realty Co.* v. *Pavlicevich*, 164 Cal. 613 [130 Pac. 15]), but they are not conclusive as between the parties to the trust deed. (*Seccombe* v. *Roe*, 22 Cal. App. 139 [133 Pac. 507].) In the instant case the trust deed was given as security for the performance of either of two acts upon the part of the trustor. It is admitted by both parties that one of said acts, to wit, the release of the levy of execution, was performed sixteen days from the date of the said trust deed, and the court found, upon sufficient evidence, that the beneficiary knew of the

performance at or about the date it took place. If, notwithstanding such knowledge, defendant proceeded to have a sale made of the premises under such trust deed, this was palpable fraud upon the trustor, and under such circumstances plaintiff was entitled to go behind the recitals of the trustee's deed and prove the facts, even though they might be inconsistent or contradictory to such recitals. (*Jose Realty Co.* v. *Pavlicevich, supra.*) The court did not err in permitting plaintiff to prove these facts.

A number of cases have been cited by appellant upon the question of the conclusiveness of the recitals in the trustee's deed. None of these referred to construed a provision that upon the performance of a certain act by the trustor the trust deed shall become null and void. In the cases cited, the trustee's deeds were, at the most, merely voidable in an action between the parties. Hence, they would pass title, though subject to direct attack by one of the parties. This is clearly set forth in *Seccombe* v. *Roe, supra.* The case of *Jose Realty Co.* v. *Pavlicevich, supra,* involves facts similar to the case under consideration. The complaint was an ordinary one to quiet title. The defendant set up a deed to himself from a trustee and executed in pursuance of a sale had under a trust deed. Fraud was not pleaded, but the supreme court held that plaintiff was permitted to introduce evidence upon the question as to whether there had been a default under the trust deed, if such proof established fraud.

Appellants contend that this action is one brought to recover *possession* merely and is in the nature of ejectment, and that under such circumstances the recitals in the trustee's deed are conclusive, citing *Seccombe* v. *Roe, supra,* and other cases. What was said by the court in the case last mentioned on this question was quoted from *Mersfelder* v. *Spring,* 139 Cal. 593 [73 Pac. 452], where plaintiff sued in ejectment and defendant appeared with a general denial. Plaintiff relied upon a deed executed by a trustee under a deed of trust. This deed contained recitals similar to these in question, and the court held that the deed passed the legal title and plaintiff had made out a case in ejectment. The court proceeded to add, however, that these recitals did not preclude the inquiry, in an equitable proceeding, into the fair-

ness of the sale or other matters which on equity principles might entitle the injured party to relief.

It is next urged by appellants that the clause found in the trust deed in question "that if the parties of the first part pay said judgment *or* cause said execution to be released from said property first described herein, then the said note and this trust deed become null and void" is to be so construed that the word "or" is to be read as "and." Usually, the copulative "or" implies an alternative, and in the instant case should either of the contingencies occur, the note and trust deed become null and void. The rule which should guide the court in this connection is clearly set forth in 2 C. J. 1338, subdivision 2, and is as follows:

"Ordinarily these words are in no sense interchangeable terms, but, on the contrary, are used in the structure of language for purposes entirely variant. In order to effectuate the intention of the parties to an instrument, a testator, or a legislature, as the case may be, the word 'and' is sometimes construed to mean 'or.' This construction, however, is never resorted to except for strong reasons and the words should never be so construed unless the context favors the conversion."

The question is primarily one of ascertaining the intention of the parties. The substitution of one of these words for the other is, in effect, affording relief upon the ground of mistake. In this case we cannot say that there was any mistake in the use of the word "or" as it appears in the instrument. On the contrary, the preamble to the trust deed indicates clearly that the release of the execution was of far more importance than the payment of the judgment. If the payment of the judgment was the prime and only consideration, why was mention made of the release of the execution, when it is elemental that the payment of the judgment would operate, *ipso facto*, to release the levy of the execution? In the matter of altering or modifying, by rules of construction, the solemn engagements of parties, our courts uniformly have acted with reluctance and hesitation, and it is only where, if the precise language were allowed to stand, it would set at naught the obvious intention of the parties, have they substituted, by construction, one word for another. (See *City of Corona* v. *Merriam*, 20 Cal.

App. 232 [128 Pac. 769]; *Robinson* v. *Southern Pacific Co.,* 105 Cal. 526 [28 L. R. A. 773, 38 Pac. 94, 722].)

■ Appellants contend that they are entitled to reimbursement for money they have expended in connection with the property in Yolo County. This was done, they claim, under the provisions of the trust deed. The court found that these expenditures were made subsequent to February 27, 1922, the date when the Los Angeles property was released from the levy of the execution and at a time when defendants knew of said release. The findings of the court, which are sustained by ample evidence, are as follows:

"That it is true that defendant F. J. Rickershauser paid moneys due on taxes and also moneys due under said agreement made by him with adjoining landowners, for alleged reclamation purposes, and also paid money to make said land productive; that each and every one of said payments so made by defendant F. J. Rickershauser were made by him without the consent, knowledge or authority of plaintiff or of her husband, J. B. Harker; and all of which payments were made subsequent to the 2nd day of March, 1922, and after the trust deed above set out had become null and void and of no force or effect; that it is true that defendant F. J. Rickershauser did not receive back any of the moneys so paid out by him directly from plaintiff or from J. B. Harker, but it is true that he did receive certain moneys as rent for said property, which said moneys he never paid, nor offered to pay to plaintiff."

It also appears that the rental from said Yolo County property, subsequent to the date last mentioned and up to the date of the trial, was used to defray a considerable part of this expense. The release of the execution was placed on record in the office of the recorder of Los Angeles County on said date, and thereafter, as expressly provided in the trust deed, said instrument was null and void. If defendants made expenditures purporting to be authorized by said trust deed, they must be held to be voluntary in character and not recoverable. (30 Cyc. 1298–A.) It will be observed that the answer does not contain any specific prayer for relief in respect to this matter, nor is there any defense or counterclaim based upon such expenditures.

■ In the instant case plaintiff, in making out her case, rightly ignored the trust deed, and simply proved the deed

to her from defendants. The trust deed was void, and had been from and after February 27, 1922, and a trustee's deed thereunder passed no title whatever. When defendants introduced their trustee's deed and rested, plaintiff was entitled and had the right to attack the same upon legal or equitable grounds. No other or further pleading was required, as such matter could be proved in avoidance of the defense set up in the answer. (*Jose Realty Co.* v. *Pavlicevich, supra.*)

Numerous other points are urged as grounds for reversal. We have carefully examined each of them, but find them lacking in substantial merit. On the question of the sufficiency of the evidence to support the findings, we are of the opinion that the record is sufficient in this respect.

We are satisfied that the learned trial judge was correct in his conclusions, and that the judgment should be affirmed, and it is so ordered.

Hart, J., and Finch, P. J., concurred.