[No. 29662.   Department Two.   August 29, 1946.]

B. A. JOHNSON, *Respondent,* v. WATT A. JOHNSON, *Appellant.*[1]

*M. E. Mack,* for appellant.

*Robertson & Smith,* for respondent.

ROBINSON, J.—This action was brought to recover a claimed deficiency resulting upon the sale, under power of sale contained in a deed of trust, of certain lands in California, which deed of trust was given to secure unpaid installments of the purchase price of said lands.

The evidence disclosed the following facts:   California Lands Inc., a California corporation, and defendant, Watt A. Johnson, entered into a contract, dated January 2, 1932, by the terms of which Johnson agreed to purchase from the

[1]Reported in 172 P. (2d) 243.

land company certain lands in Imperial county, California, and to pay therefor the sum of $13,700, $1,500 upon the execution of the agreement, receipt of which was acknowledged, and $12,200 in certain installments, according to the terms of a promissory note executed by the purchaser. At the same time, the purchaser executed and delivered to the seller his promissory note, dated at El Centro, California, January 4, 1932, for $12,200, payable $400 or more April 1, 1932, and $400 every month thereafter until July 1, 1934, when the full amount of the balance of the note would become due and payable.

At the same time, the purchaser executed a so-called deed of trust, dated January 4, 1932, designating Corporation of America, a California corporation, trustee, and California Lands Inc., beneficiary. The deed of trust recites that the trustor grants and conveys to the trustee, with power of sale, the lands in question, as security for the payment of $12,200, with interest, according to the terms of the promissory note executed and delivered by the trustor to the beneficiary. The "SEVENTH" paragraph of the deed of trust contained the following provisions:

"If default is made in the prompt payments, when due, of any sum secured hereby, or in the performance of any promise contained herein, or in any conveyance under which said Trustor claims or derives title, then, or at any time thereafter, the Beneficiary hereunder may declare all sums secured hereby immediately due and payable without demand or notice; and the Beneficiary, or the Trustee, shall record in the office of the County Recorder of the County or Counties wherein said property, or any part thereof is situated, a notice of such breach and election to cause the said property to be sold as provided in Section 2924 of the Civil Code of the State of California, to satisfy the indebtedness and obligations secured hereby.

"On application of the Beneficiary, and after three months have elapsed following said recordation of said notice, the Trustee, without demand on the Trustor, shall sell said property in whole, or in part, or parcels, at the discretion of Trustee, in the following manner, namely:

"The Trustee shall give notice of the time and place of holding said sale in the manner and for the time not less than that required by the laws of the State of Califor-

nia for sales of real property under deeds of trust. The Trustee may from time to time postpone the sale of all or any portion of said property by publishing a notice of postponement in the same newspaper or newspapers in which the original notice of sale was published, or by public announcement or proclamation thereof made to the persons assembled at the time and place previously appointed and advertised for such sale or postponement. At the time of sale so advertised, or to which said sale may be postponed, the Trustee may sell the property so advertised, or any part thereof, at public auction to the highest bidder for cash in United States gold coin of the present standard of weight, fineness and value, and the Beneficiary may become a purchaser at such sale; and upon such sale the Trustee shall execute, and after due payment is made, shall deliver to the purchaser, or purchasers, a deed or deeds, conveying the property so sold, but without warranty expressed or implied, and out of the proceeds thereof shall pay, first, the expenses of such sale and of this trust and compensation of the Trustee in an amount equal to one (1%) per cent of the amount secured hereby and remaining unpaid, but in no event less than Twenty-five and no/100 ($25.00) Dollars, and counsel fees in an amount equal to five (5%) per cent of the amount secured hereby and remaining unpaid, but in no event less than One hundred and no/100 ($100.00) Dollars, and also such sums, if any, as Trustee, or Beneficiary, shall have paid for procuring an abstract of title or search of or certificate or report as to the title to said premises, or any part thereof, subsequent to the execution of this instrument, all of which sums shall be secured hereby and become due upon any default made by the Trustors in any of the payments or performance of any of the covenants provided for herein, and second, all other obligations secured hereby in such order and to such extent as the Beneficiary in the exercise of its absolute discretion may direct, and then all the surplus, if any, to the person or persons legally entitled thereto on the proof of such right.

"The recitals contained in any deed or deeds made pursuant to any sale of the property hereunder setting forth matters or facts with reference to the regularity or validity of said sale shall be conclusive proof of the truthfulness thereof, and such deed or deeds shall be conclusive against the Trustor and all other persons. The said matters or facts need not be stated specifically but may be stated in general terms and in conclusions."

The deed of trust was recorded February 5, 1932, in the office of the county recorder of Imperial county, California.

Thereafter, the trustee executed and delivered to the beneficiary, California Lands Inc., a deed to the lands, dated July 24, 1933, acknowledged August 2, 1933, and recorded in the office of the county recorder of Imperial county, California, August 4, 1933, conveying the lands in question to California Lands Inc. This deed contained the following recitals:

"WHEREAS, by a certain deed of trust dated the 4th day of January, 1932, and recorded on the 5th day of February, 1932, in the office of the County Recorder of the County of Imperial, State of California, in Book 304 of Official Records at page 311, et seq., WATT A. JOHNSON, a single man, for the purpose of securing the payment of the obligations mentioned in said deed of trust, granted, sold and conveyed to CORPORATION OF AMERICA, a corporation, as trustee, the real property which is hereinafter described; and

"WHEREAS, said WATT A. JOHNSON, a single man, trustor, made default in the payment of the obligations secured by said deed of trust, which default included, among other things, the failure to pay interest and taxes, and which default existed at the date of filing of notice of breach and continued to date of sale; and

"WHEREAS, CALIFORNIA LANDS INC., a corporation, as beneficiary under said deed of trust, recorded in the office of the County Recorder of the County of Imperial, State of California, in the manner and form required by law and the terms of said deed of trust, a notice of such breach of said obligations and of its election to cause to be sold said real property to satisfy the obligations secured by said deed of trust; and

"WHEREAS, more than three months elapsed after the said recordation of said notice of breach; and

"WHEREAS, CORPORATION OF AMERICA, a corporation, as trustee, duly received written notice of such breach and a demand to sell the hereinafter-described real property as in said deed of trust provided; and

"WHEREAS, after the said period of more than three months had elapsed, CORPORATION OF AMERICA, a corporation, as trustee, gave legal notice of the time and place of a sale under said deed of trust by posting and publishing notices of sale as required by section 2924 of the Civil Code and section 692 of the Code of Civil Procedure of the State of California, and by the terms of said deed of trust; and

"WHEREAS, CORPORATION OF AMERICA, a corporation, as trustee, thereafter sold said real property to said party of the second part for the sum of $8,000.00, said sale having been made in all respects as provided by the laws of the State of California and the provisions of said deed of trust, and at the time and place and on the terms as specified in said notice of sale;

"Now, THEREFORE, CORPORATION OF AMERICA, a corporation, as trustee and grantor, for and in consideration of the payment of the above-mentioned sum, the receipt whereof is hereby acknowledged, does hereby grant, sell and convey unto the said party of the second part, without warranty, express or implied, all that real property situate, lying and being in the County of Imperial, State of California, and more particularly described as follows, to-wit: [Here follows a description of the property.]"

Plaintiff in this action is an assignee for collection of California Lands Inc. The action was commenced June 23, 1937, by the filing of a complaint on that date, alleging execution of the note, sale of the security for $8,000, and application of the proceeds upon the note. Plaintiff prayed judgment for $6,079.56, together with interest from July 24, 1933, at the rate of seven per cent per annum. Thereafter, on February 7, 1942, an amended complaint was filed, which contained the following allegations:

"II. That the Civil Code of the State of California, Section 2924, provides in part as follows:

" 'Where, by a mortgage created after July 27, 1917, of any estate in real property, other than an estate at will or for years, less than two, or in any transfer in trust made after July 27, 1917, of a like estate to secure the performance of an obligation, a power of sale is conferred upon the mortgagee, trustee, or any other person, to be exercised after a breach of the obligation for which such mortgage or transfer is a security, such power shall not be exercised, except where such mortgage or transfer is made pursuant to an order, judgment, or decree of a court of record, or to secure the payment of bonds or other evidences of indebtedness authorized or permitted to be issued by the commissioner of corporations, or is made by a public utility subject to the provisions of the public utilities act, until, (a) the trustee, mortgagee, or beneficiary, shall first file for record, in the office of the recorder of each county

wherein the mortgaged or trust property or some part or parcel thereof is situated, a notice of default, identifying the mortgage or deed of trust by stating the name or names of the trustor or trustors and giving the book and page where the same is recorded or a description of the mortgaged or trust property and containing a statement that a breach of the obligation for which such mortgage or transfer in trust is security has occurred, and setting forth the nature of such breach and of his election to sell or cause to be sold such property to satisfy the obligation; (b) not less than three months shall thereafter elapse; and (c) after the lapse of the three months the mortgagee, trustee or other person authorized to make the sale shall give notice of sale, stating the time and place thereof, in the manner and for a time not less than that required by law for sales of real property upon execution.'

"III. That the District Court of Appeals, Fourth District of the State of California, in the case of Birkhofer et al vs. Crumm, 81 Pac. (2d) 609, decided on July 11, 1938, in which a rehearing was denied on August 8, 1938, and in which a hearing by the Supreme Court of the State of California was denied on September 8, 1938, has construed the above quoted section of the Civil Code of the State of California and held that in the State of California all that is necessary to prove the fact of the sale under a trustee's deed is the introduction of the trustee's deed in evidence with the proper recitals and that the deed of trust provides that such recitals are conclusive evidence and is alone sufficient to sustain a trial court's findings that said property is duly and legally sold."

Defendant filed an answer to this amended complaint, admitting execution of the note and setting up several affirmative defenses. The first was that the parties entered into an oral agreement (the answer alleged that the agreement was entered into about the middle of January, 1933, but defendant, at the trial, testified that the agreement was entered into in April, 1932) to release defendant from his obligation to pay the purchase price upon surrender of certain contracts. The second was that the action was barred by a ninety-day statute of the state of California (§ 580a of the Code of Civil Procedure). The third was:

"That the statutes of the State of California, plead by the plaintiff, definitely provide that certain, definite and

positive acts shall be performed by the trustee before the property shall be sold and the plaintiff has wholly failed to comply with said statute and that said sale was void and of no force or effect."

An amended answer was subsequently filed, containing further affirmative defenses, which we need not notice, because we have arrived at the conclusion that the evidence fails to show that the foregoing statute of the state of California has been complied with and that there was a valid foreclosure of the mortgage.

The case came on for trial January 19, 1942, but, after the introduction of certain evidence, was adjourned, and not resumed until October 19, 1944.

The plaintiff did not introduce any evidence whatever that the trustee or the beneficiary, California Lands Inc., filed for record in the office of the recorder of Imperial county, California, a notice of default, as required by § 2924 of the Civil Code of California, or that the trustee gave notice of the time and place of the sale in the manner and for a time not less than that required by law for sales of real property upon execution. Plaintiff relied exclusively upon what he contended was the law of California, that the recitals in the deed of trust to California Lands Inc. were conclusive proof that California Lands Inc. had recorded the notice required by this section, that more than three months had elapsed, and that it had given notice of the time and place of the sale by posting and publishing notices of sale, as required by § 2924 of the Civil Code and § 692 of the Code of Civil Procedure. On the contrary, the defendant testified that no notice or demand of any kind was served upon him, and that no notice, such as that required by § 2924 of the Civil Code, had been recorded in the recorder's office, although, from his testimony, it seems to be rather indefinite as to whether or not he examined the records.

The trial court entered findings and conclusions favorable to plaintiff. The ninth finding of the court is as follows:

"As to defendant's third affirmative defense, the Court finds that, under the laws and statutes of the State of

California and under the authority of Birkhofer et al vs. Crumm, 81 Pac. (2d) 609, said affirmative defenses have no application to this action."

Thereafter, judgment was entered for plaintiff against the defendant for the amount demanded in plaintiff's complaint. The defendant appeals.

■ We are not satisfied with the findings and judgment of the court that, under the laws of the state of California and the authority of *Birkhofer v. Krumm,* 27 Cal. App. (2d) 513, 81 P. (2d) 609, the recitals in the deed of sale to the California Lands Inc. are conclusive upon the defendant that such a notice was recorded, or that the trustee advertised the sale, as required by § 2924 of the Civil Code and § 692 of the Code of Civil Procedure. We think that the purpose of the provision in the trust instrument, that the recitals contained in the deed of sale should be conclusive proof of the truthfulness thereof and that such deed should be conclusive against the trustor and all other persons, undoubtedly was to protect innocent third persons purchasing at the trustee's sale, and not the beneficiary of the trust who purchased at the sale brought about by it. It is true that it is said, incidentally and without discussion, at the conclusion of the long and complicated opinion in the *Birkhofer* case, p. 544, that:

"As respects the giving of the trustee's notice of sale it is enough to observe that the trustee's deed for the property sold is in evidence and recites in detail not only that the notice was given but the manner in which it was given and that by the terms of the deed of trust such recitals are made conclusive of the facts recited. This, as a matter of law, is sufficient to sustain the trial court's findings on that issue. [Citing cases.]"

In the case of *Seccombe v. Roe,* 22 Cal. App. 139, 133 Pac. 507, the California court held that recitals in a deed of trust will protect an innocent purchaser from the trustee, but will not protect a party to the trust instrument. In this case, the court said:

"It must be conceded as a legal proposition that if proper notices of a sale are not given, the sale will not be allowed to stand; and while the trustee may convey the legal title

in breach of the trust and without complying with the power, yet the grantee will take a good title at law, but such purchaser, in equity, will hold the property upon the same trusts upon which the trustee held it, for the reason that the purchaser should be held to know the record title of his vendor. In this case the purchaser was the payee of the note and the beneficiary under the trust and must be said, if the sale were invalid, to hold the legal title to this property upon the same trusts as those originally created, which were that he held the same as security for the payment of the debt sued upon.

"It is claimed by appellant, however, that such deed of trust containing the provision that, in the event of a sale of said premises, or any part thereof, and the execution of a deed thereto under the trust, then the recitals therein of any default payments, publication of notice of sale, demand that such sale should be made, postponement of sale, terms of sale, purchaser, payment of purchase money, and of any other fact or facts confirming the regularity or validity of said sale, shall be conclusive proofs of such matters and of all other facts recited therein against the said first parties, defendants are estopped to claim irregularity connected with the sale. That this would be the effect as to a purchase by a third party and a conveyance to him by the trustee, must be conceded upon the authority of *Mersfelder v. Spring*, 139 Cal. 593, [73 Pac. 452]. But are such recitals conclusive as between the parties to the deed? We think not. As said in the concluding part of the opinion in the case last cited: They ·are conclusive in a case involving only the legal title, as in ejectment, but will not preclude inquiry in an equitable proceeding into the fairness of the sale, or into other matters which on equitable principles might entitle the party injured to relief. We are of opinion that this stipulation as to conclusiveness, reading the whole deed and the various requirements together, was only intended and only had the effect to protect an innocent purchaser or a third party to the transaction who acquired at such sale the legal title, but that as between the trustor and the beneficiary, when such beneficiary takes the legal title under a sale made in violation of the terms of the trust, the trustor is not estopped to deny the regularity of the sale and to obtain equitable relief through a redemption thereof, which is sought in this case under the pleadings."

The *Birkhofer* case, upon the authority of which the court ruled out the appellant's third affirmative defense,

does not cite the *Seccombe* case, from which the foregoing quotation is made; and we think, since neither party has cited it in this court, that it may be safely assumed that it was not called to the attention of the trial judge. We may note, also, that some of the cases cited in support of the broad language of that part of the *Birkhofer* opinion relied on by the trial court are but remotely in point, if at all. A careful research of subsequent California decisions shows that the case has been cited at least eight times since its decision in 1938, but none of these subsequent decisions deal with the question with which we are here concerned.

Although the *Seccombe* case was decided in 1913, we have not been able to find that it has ever been overruled. We have found it cited, with approval, in several subsequent cases. The *Birkhofer* case was decided by the California district court of appeals, first district, in 1938. We quote from *Security-First Nat. Bank of Los Angeles v. Cryer,* 39 Cal. App. (2d) 757, 762, 104 P. (2d) 66, decided in the second district two years later:

"While, as heretofore stated, recitals contained in a trustee's deed are not conclusive as between the parties to the trust deed (*Seccombe v. Roe,* 22 Cal. App. 139 [133 Pac. 507]), nevertheless, it was incumbent upon the defendants in order to defeat the motion for summary judgment to present evidentiary facts to controvert the recitals in the trust deed to the effect that the sale was legally held, thereby raising an issue, the merits of which would be determined upon a trial."

We quote from *Harker v. Rickershauser,* 94 Cal. App. 755, 761, 271 Pac. 912, a case decided in the third district in 1928:

"Such recitals are conclusive where an innocent third party is the grantee in the trustee's deed (*Jose Realty Co. v. Pavlicevich,* 164 Cal. 613 [130 Pac. 15]), but they are not conclusive as between the parties to the trust deed. (*Seccombe v. Roe,* 22 Cal. App. 139 [133 Pac. 507].) In the instant case the trust deed was given as security for the performance of either of two acts upon the part of the trustor. It is admitted by both parties that one of said acts, to wit, the release of the levy of execution, was performed sixteen days from the date of the said trust deed, and the

court found, upon sufficient evidence, that the beneficiary knew of the performance at or about the date it took place. If, notwithstanding such knowledge, defendant proceeded to have a sale made of the premises under such trust deed, this was palpable fraud upon the trustor, and under such circumstances plaintiff was entitled to go behind the recitals of the trustee's deed and prove the facts, even though they might be inconsistent or contradictory to such recitals. (*Jose Realty Co. v. Pavlicevich, supra.*) The court did not err in permitting plaintiff to prove these facts."

We quote also from *Southern Title & Trust Co. v. Freer,* 120 Cal. App. 423, 425, 7 P. (2d) 1113, a case decided by the second district in 1932:

· "Appellants take the position that, where, as in the case at bar, the purchaser at the sale had notice of the facts, and for that reason could not be classed as an innocent purchaser, the recitals in the deed alone will not establish a *prima facie* case, but other evidence must be introduced. In support of this position, appellants cite the case of *Seccombe v. Roe,* 22 Cal. App. 139 [133 Pac. 507, 508]. This case holds that, under circumstances like those presented here, such recitals would not be *conclusive,* 'but will not preclude inquiry in an equitable proceeding into the fairness of the sale, or into other matters which on equitable principles might entitle the party injured to relief.'

"The case of *Harker v. Rickershauser,* 94 Cal. App. 755 [271 Pac. 912], also cited by appellants, makes a like statement. No authority has been cited that such recitals are not evidence. The Code of Civil Procedure, section 1833, provides: '*Prima facie* evidence is that which suffices for the proof of a particular fact, until contradicted and overcome by other evidence.' "

◾ As heretofore stated, the defendant testified that no demand was ever served upon him; that no notice, such as required by § 2924 of the Civil Code, was ever served upon him; and, although not very convincingly, that no notice was ever filed with the county recorder. This was in support of a factual allegation made in defendant's third affirmative defense and put in issue by a flat denial in plaintiff's reply. As we have seen, the court wholly disregarded that issue and held, in effect, on the authority of the *Birkhofer* case, that no such factual issue could be raised.

We think it could, and we may further say that, if the required notice was, in fact, filed in the office of the recorder of Imperial county, it would have been so easy to prove that it was, that one is entitled to doubt whether such a notice was ever filed.

We do not at this time pass upon the appellant's contention that there was an agreement between California Lands Inc. and the defendant to release defendant from further liability on his contract to purchase the property upon his surrender of the contract, as a determination of the question as to whether any notice or demand of any nature for payment was ever made, will have some bearing upon that. Nor do we pass upon any other of appellant's contentions, since the cause must be remanded for a new trial, for the reason that the trial court erroneously held, as a matter of law, that the affirmative defense presented no factual issue for its decision.

It is so ordered.

BEALS, C. J., BLAKE and JEFFERS, JJ., concur.

---

October 8, 1946. Petition for rehearing denied.